M SERIES REBUILD, LLC, Plaintiff v. TOWN OF
MOUNT PLEASANT, NC, Defendant

No. COA12-194

(Filed 7 August 2012)

## 1. Civil Procedure—motion to dismiss—summary judgment

Although plaintiff contended the trial court considered defendant's motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6) but erroneously also utilized a summary judgment standard in making its conclusions, neither defendant's motion nor the trial court's order cited any particular rule other than N.C.G.S. § 159-28.

## 2. Immunity—sovereign immunity—breach of contract—unjust enrichment

The trial court did not err by granting defendant Town's motion dismissing plaintiff's breach of contract and unjust enrichment claims. Although plaintiff raised a breach of contract ·claim, plaintiff conceded on appeal that an enforceable contract could not exist with defendant because there was no written agreement with a pre-audit certificate as required of all contracts with municipalities under N.C.G.S. § 159-28. Likewise, plaintiff's complaint made no allegations regarding any pre-audit certification as required by N.C.G.S. § 159-28(a). No valid contract was formed between plaintiff and defendant and defendant therefore did not waive its sovereign immunity to be sued for contract damages. The trial court did not have jurisdiction over defendant on the claim for unjust enrichment.

## 3. Immunity—sovereign immunity—notice

Even assuming for purposes of argument that defendant was required to plead a defense of sovereign immunity, contrary to plaintiff's arguments, defendant did plead sovereign immunity in its answer. Defendant's fourth defense gave plaintiff sufficient notice that defendant was asserting plaintiff's failure to comply with the requirements of N.C.G.S. § 159-28(a), and thus, the defense of sovereign immunity as it existed in the context of plaintiff's allegations.

Appeal by plaintiff from order entered 24 January 2012 by Judge William G. Hamby, Jr. in District Court, Cabarrus County. Heard in the Court of Appeals 7 June 2012.

*Ferguson, Scarbrough, Hayes, Hawkins & DeMay, P.A., by James R. DeMay, for plaintiff-appellant.*

*Hartsell & Williams, P.A., by Christy E. Wilhelm, for defendant-appellee.*

STROUD, Judge.

M Series Rebuild, LLC, ("plaintiff") appeals from a trial court's order granting the Town of Mount Pleasant's ("defendant") motion and dismissing plaintiff's claims. For the foregoing reasons, we affirm the trial court's order.

## I. Background

Plaintiff filed a complaint on 17 August 2011 alleging the following: In early 2011, plaintiff contacted Chief Chris Honeycutt with the Mount Pleasant Volunteer Fire Department, a subsidiary of the Town of Mount Pleasant, a municipal corporation located in North Carolina. Plaintiff offered to install a "prototype hydraulic steering system" in defendant's M35A2C fire truck "at no charge" to defendant, and Chief Honeycutt accepted.

Prior to delivery of the truck to plaintiff, plaintiff received a call from "a representative of the Mt. Pleasant Volunteer Fire Department" requesting plaintiff to also do some minor repairs to the truck: to fix the left front axle seal, a broken u-bolt, and a door latch. In the course of installing the steering system, plaintiff found a number of other repairs that needed to be done. Plaintiff got approval from Chief Honeycutt to make repairs to the radiator. Plaintiff also discovered other additional repairs, including "rotted and cracked, damaged hoses, oil and fuel leaking around the filter canisters, and fuel leaking from several sections of the injector return line assembly" and notified "Sean," a "representative" of the fire department. "Sean" approved the additional repairs and requested that plaintiff perform a routine service on the fire truck. These repairs were completed and the truck returned. Plaintiff sent an invoice to defendant for the work done, not including work installing the power steering system, totaling $7,911.16. Plaintiff requested immediate payment, but defendant refused to pay. Based on these allegations, plaintiff raised claims for breach of contract and unjust enrichment. Plaintiff also included a copy of the invoice with its complaint.

Defendant filed its answer on 24 October 2011. Defendant admitted that plaintiff contacted Chief Honeycutt with an offer to install a

hydraulic steering system on the fire truck and that Chief Honeycutt accepted. Defendant also admitted that plaintiff was asked to repair the left front axle seal, the broken u-bolt, and the door latch. Defendant further admitted that Chief Honeycutt gave plaintiff permission to fix the radiator. Defendant admitted to receipt of an invoice from plaintiff which it refused to pay in full but claims it offered to pay for the repairs it agreed to have done. However, defendant denied agreeing to any other additional repairs. Defendant asserted several defenses, *inter alia*, that plaintiff's complaint failed "to state a claim upon which relief can be granted." It also stated that "[t]he alleged contract upon which this action is based is illegal in that it does not comply with the pre[-]audit certificate requirements contained in N.C. Gen. Stat. § 159-28, as required by law. The alleged contract is thus invalid and unenforceable and this action is barred."

Following a hearing on defendant's motion, the trial court on 24 January 2012 entered an order dismissing plaintiff's claims. Plaintiff filed timely written notice of appeal on 25 January 2012. Plaintiff makes three arguments on appeal challenging the trial court's ruling regarding its claim for unjust enrichment: (1) the trial court erred in applying a summary judgment standard to defendant's motion to dismiss, (2) the trial court erred in dismissing plaintiff's unjust enrichment claim, and (3) the trial court erred in applying sovereign immunity.

## II. Standard of Review

**[1]** Plaintiff argues that the trial court "apparently considered Defendant's Motion to Dismiss under Rule 12(b)(6)" but in error it also utilized a summary judgment standard in making its conclusions. Plaintiff concludes that "this Court should remand for the trial court to apply the appropriate motion to dismiss standard." Defendant counters that the trial court "did not err in considering this matter under a summary judgment standard as opposed to a motion to dismiss standard" because plaintiff's claims would fail under either standard.

In its answer, defendant raised as its "second defense" that "Plaintiff's Complaint fails to state a claim upon which relief can be granted, and it should therefore be dismissed." This is similar to the language of N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (2011) (permitting a motion to dismiss for "[f]ailure to state a claim upon which relief can be granted."). Although the parties in their briefs before this Court treat the motion to dismiss as arising under Rule 12(b)(6), actually neither the defendant's motion nor the trial court's order as noted above cite any particular rule other than N.C. Gen. Stat. § 159-28.

Plaintiff points us to this statement by the trial court to support its argument that the trial court erred by applying a summary judgment standard:

> This Motion to Dismiss shall be determined *in the same manner as a Motion for Summary Judgment* where, as here, the pleadings and admissions of the parties show that there is no issue as to any material fact, and the factual allegations are considered in the light most favorable to the non-moving party.

(Emphasis added). Although the language of this statement is similar to the standard for summary judgment, *see Belcher v. Fleetwood Enters., Inc.*, 162 N.C. App. 80, 84-85, 590 S.E.2d 15, 18 (2004) (stating the review for a ruling on a motion for summary judgment), an examination of the trial court's order shows that its ultimate ruling was based on defendant's "fourth defense" in its answer. Defendant's answer raised as its "fourth defense" that "[t]he alleged contract upon which this action is based is illegal in that it does not comply with the pre[-]audit certificate requirements contained in N.C. Gen. Stat. § 159-28, as required by law. The alleged contract is thus invalid and unenforceable and this action is barred." The trial court dismissed plaintiff's claims because there was no allegation of a valid contract between the parties, based on plaintiff's failure to comply with the requirements of N.C. Gen. Stat. § 159-28; without an allegation of a valid contract, plaintiff did not demonstrate that defendant had waived its sovereign immunity; and therefore, the trial court lacked jurisdiction over defendant. *See Arrington v. Martinez*, ____ N.C. App. ____, ____, 716 S.E.2d 410, 417 (2011) (stating that "[w]aiver of immunity must be established at the outset of a lawsuit."). Also, the parties' briefs address the issue of sovereign immunity. A motion to dismiss based on sovereign immunity is a jurisdictional issue; whether sovereign immunity is grounded in a lack of subject matter jurisdiction or personal jurisdiction is unsettled in North Carolina.[1]

---

1. *See Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 327-28, 293 S.E.2d 182, 184 (1982) (noting that "Courts have differed as to whether sovereign immunity is a matter of personal or subject matter jurisdiction"); *Green v. Kearney*, 203 N.C. App. 260, 264, 690 S.E.2d 755, 760 (2010) (stating that "the doctrine of sovereign immunity involves a question of personal jurisdiction rather than subject matter jurisdiction."); *Meherrin Indian Tribe v. Lewis*, 197 N.C. App. 380, 384, 677 S.E.2d 203, 207 (2009) (stating that "an appeal of a motion to dismiss based on sovereign immunity presents a question of personal jurisdiction rather than subject matter jurisdiction, and is therefore immediately appealable."), *disc. review denied*, 363 N.C. 806, 690 S.E.2d 705 (2010); *Zimmer v. North Carolina Dep't of Transp.*, 87 N.C. App. 132, 133-34, 360 S.E.2d 115, 116-17 (1987) (stating that "Whether sovereign immunity is a question of subject matter jurisdiction or personal jurisdiction is an unsettled area of the law in North Carolina.").

**M SERIES REBUILD, LLC v. TOWN OF MOUNT PLEASANT**

[222 N.C. App. 59 (2012)]

N.C. Gen. Stat. § 1A-1, Rule 12(b)(1) permits a party to move for dismissal based on "[l]ack of jurisdiction over the subject matter[,]" and Rule 12(b)(2) permits dismissal based on "[l]ack of jurisdiction over the person[.]"

> "Our review of a motion to dismiss under Rule 12(b)(1) of the North Carolina Rules of Civil Procedure is *de novo* . . . . Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the [trial court]." *Peninsula Prop. Owners Ass'n v. Crescent Res., LLC*, 171 N.C. App. 89, 92, 614 S.E.2d 351, 353 (2005) (citations and quotation marks omitted). The standard of review of the trial court's decision to grant a motion to dismiss under Rule 12(b)(2) is whether the record contains evidence that would support the court's determination that the exercise of jurisdiction over defendants would be inappropriate. *See Stann v. Levine*, 180 N.C. App. 1, 22, 636 S.E.2d 214, 227 (2006).

*Stacy v. Merrill*, 191 N.C. App. 131, 134, 664 S.E.2d 565, 567 (2008). In cases where waiver is at issue, "it is irrelevant whether immunity implicates personal or subject matter jurisdiction. Because it is a jurisdictional matter, a plaintiff's complaint must affirmatively demonstrate the basis for the waiver of immunity when suing a governmental entity which has immunity." *Arrington*, ____ N.C. App. at ____, 716 S.E.2d at 417 (citation omitted). Therefore, we will apply the these standards to the parties' substantive arguments to determine if plaintiff's complaint "affirmatively demonstrate[d] the basis for the waiver of immunity[.]" *See id.*

We also note that the trial court in its order made findings of fact and conclusions of law. Plaintiff argues that the trial court incorrectly made "findings of fact" and "conclusions of law" upon which it based its order and that we should remand this case for the trial court to correct this error. However, findings of fact are generally not binding on appeal from a trial court's ruling on motion to dismiss under Rule 12. The purpose of a motion to dismiss is to test law of a claim, not to resolve evidentiary conflicts. *White v. White*, 296 N.C. 661, 667, 252 S.E.2d 698, 702 (1979). As "[r]esolution of evidentiary conflicts is . . . not within the scope" of Rule 12, "[w]e are not bound by the trial court's findings[.]' " *Id.* Also, as noted above, we will use a *de novo* standard of review to address these issues. We next turn to address the parties' substantive arguments.

### III. Trial Court's Dismissal

**[2]** Plaintiff argues that the trial court erred in dismissing the complaint because North Carolina law provides for recovery against a municipality on a claim for unjust enrichment.[2] Plaintiff relies on *Wing v. Town of Landis*, 165 N.C. App. 691, 599 S.E.2d 431 (2004), *Charlotte Lumber & Manufacturing Co. v. City of Charlotte*, 242 N.C. 189, 87 S.E.2d 204 (1955), and *Hawkins v. Town of Dallas*, 229 N.C. 561, 50 S.E.2d 561 (1948), to support its argument. Defendant, citing *Finger v. Gaston County*, 178 N.C. App. 367, 631 S.E.2d 171 (2006); *Data General*, 143 N.C. App. 97, 545 S.E.2d 243 (2001); and *L&S Leasing v. City of Winston-Salem*, 122 N.C. App. 619, 471 S.E.2d 118 (1996), argues that plaintiff is not entitled to an unjust enrichment award because N.C. Gen. Stat. § 159-28(a) requires a signed pre-audit certificate in order to be a valid contract, plaintiff failed to adhere to the requirements of this statute, and without a valid contract plaintiff cannot recover under a claim of unjust enrichment.

N.C. Gen. Stat. § 159-28(a) (2011) outlines requirements to enter into a valid contract with a local government or corporate municipality:

> No obligation may be incurred in a program, function, or activity accounted for in a fund included in the budget ordinance unless the budget ordinance includes an appropriation authorizing the obligation and an unencumbered balance remains in the appropriation sufficient to pay in the current fiscal year the sums obligated by the transaction for the current fiscal year. . . . If an obligation is evidenced by a contract or agreement requiring the payment of money .
>
> . . the contract [or] agreement . . . shall include on its face a certificate stating that the instrument has been preaudited . . . . The certificate . . . shall be signed by the finance officer or any deputy finance officer approved for this purpose by the governing board . . . . An obligation incurred in violation of this subsection is invalid and may not be enforced. . . .

---

2. While plaintiff admits that it "dismissed its claim for breach of contract at the hearing," this Court was not provided a transcript of the hearing. Plaintiff makes no argument on appeal challenging the trial court's dismissal of its claims for breach of contract. Therefore, any argument regarding the dismissal of plaintiff's breach of contract claim has been abandoned. *See* N.C.R. App. P. 28(b)(6) (stating that "Issues not presented in a party's brief, or in support of which no reason or argument is stated, will be taken as abandoned."). Accordingly, this Court will limit its analysis to plaintiff's unjust enrichment claim.

Therefore, if there is no pre-audit certificate, or if that certificate is not signed by the appropriate individual, then the local government has not entered into a valid contract. *See Id.* "The language of [N.C. Gen. Stat. § 159-28(a)] makes the pre-audit certificate a *requirement* when a town will have to satisfy an obligation in the fiscal year in which a contract is formed." *Myers v. Town of Plymouth,* 135 N.C. App. 707, 713, 522 S.E.2d 122, 126 (1999) (emphasis in original), *disc. review improvidently allowed,* 352 N.C. 670, 535 S.E.2d 355 (2000).

This Court in *Data General* addressed the issues of whether the plaintiff had followed the requirements of N.C. Gen. Stat. § 159-28 to show that the defendant had entered into a contract, waiving its sovereign immunity, and whether waiver of immunity could be established by a *quasi* or implied contract claim. In that case, the plaintiff, Data General Corporation, and the defendant, Durham County, signed a written lease agreement for computer hardware and software. 143 N.C. App. at 99, 545 S.E.2d at 245. The plaintiff brought claims for, *inter alia,* breach of contract, *quantum meruit,* and estoppel, when the defendant did not exercise the purchase option after having made the agreed-upon payments. *Id.* The defendant brought a motion to dismiss based on sovereign immunity and a lack of personal jurisdiction or subject matter jurisdiction pursuant to Rules 12(b)(1) and (b)(2), but the trial court denied its motion. *Id.* On appeal, the defendant's argued that trial court erred in denying its motion to dismiss because it did not waive sovereign immunity. *Id.* In considering the defendant's immunity as it related to the plaintiff's claim for breach of contract, this Court stated, "It is a fundamental rule that sovereign immunity renders this state, including counties and municipal corporations herein, immune from suit absent express consent to be sued or waiver of the right to sovereign immunity." *Id.* This Court noted, however, that "a government entity may waive its governmental immunity . . . [when it] purchases liability insurance [*or when*] . . . . *the entity enters into a valid contract." Id.* (emphasis added). This Court further stated that

> [i]n [*Smith v. State,* 289 N.C. 303, 222 S.E.2d 412 (1976)], our Supreme Court held that "whenever the State of North Carolina, through its authorized officers and agencies, enters into a *valid contract,* the State implicitly consents to be sued for damages on the contract in the event it breaches the contract." *Id.* at 320, 222 S.E.2d at 423-24 (Emphasis added.) That is, in the absence of a valid contract, a state entity may not be subjected to contractual liability. *See id.* at 310, 222 S.E.2d at 417 (citing 72 Am. Jur. 2d *States, Etc.* § 88 (1974)).

"N.C. Gen. Stat. § 159-28(a) sets forth the requirements and oblig-
ations that must be met before a county may incur contractual
obligations." *Cincinnati Thermal Spray, Inc. v. Pender County*,
101 N.C. App. 405, 407, 399 S.E.2d 758, 759 (1991); N.C. Gen. Stat.
§ 159-28 (1994). N.C. Gen. Stat. § 159-28(a) requires in part that
for any county obligation "evidenced by a contract or agreement
requiring the payment of money . . . for supplies and materials,"
such contract or agreement "shall include on its face a certificate
stating that the instrument has been preaudited to assure compli-
ance with this subsection." N.C. Gen. Stat. § 159-28(a). The
statute further provides a form certificate with which the
required preaudit certificate must substantially conform, and
states that "an obligation incurred in violation of this subsection
is invalid and may not be enforced." *Id.* Where a plaintiff fails to
show that the requirements of N.C. Gen. Stat. § 159-28(a) have
been met, there is no valid contract, and any claim by plaintiff
based upon such contract must fail. *See Cincinnati Thermal
Spray*, 101 N.C. App. at 408, 399 S.E.2d at 759.

*Data General*, 143 N.C. App. at 102-03, 545 S.E.2d at 247 (emphasis in
original). This Court then held that since

there is insufficient evidence in the record that the requirements
of N.C. Gen. Stat. § 159-28(a) have been met, we conclude that no
valid contract was formed between Data General and Durham
County, and Durham County therefore has not waived its sover-
eign immunity to be sued (and Data General may not maintain a
suit) for contract damages.

*Id.* at 103, 545 S.E.2d at 247-48. Therefore, this Court held the trial
court lacked jurisdiction and dismissed the plaintiff's breach of con-
tract claim. *Id.*

This Court then considered the defendant's sovereign immunity
as it pertained to the plaintiff's "*quantum meruit* and estoppel"
claims. *Id.* at 103, 545 S.E.2d at 248. This Court stated,

*Quantum meruit* operates as an equitable remedy based upon a
quasi contract or a contract implied in law, such that a party may
recover for the reasonable value of materials and services ren-
dered in order to prevent unjust enrichment. In *Whitfield
v. Gilchrist*, 348 N.C. 39, 497 S.E.2d 412 (1998), our Supreme
Court declined to imply a contract in law in derogation of sover-
eign immunity to allow a party to recover under a theory of *quan-
tum meruit*, and we decline to do so here.

*Id.* (citation and quotation marks omitted). This Court then explained that because it had already found that there was no valid contract, there was no waiver of sovereign immunity; therefore, this Court stated,

> As Durham County enjoys [sovereign] immunity with respect to these claims, the trial court was therefore without . . . jurisdiction over Durham County as to Data General's claims based on *quantum meruit* and estoppel.

*Id.* at 104, 545 S.E.2d at 248 (citation and quotation marks omitted).

This Court is unable to distinguish the case at hand from *Data General*.[3] First, we note that although plaintiff raised a breach of contract claim, plaintiff concedes on appeal that "an enforceable contract cannot exist with Defendant because there is no written agreement with a pre[-]audit certificate as required of all contracts with municipalities under N.C. Gen. Stat. § 159-28." Likewise, plaintiff's complaint makes no allegations regarding any pre-audit certification as required by N.C. Gen. Stat. § 159-28(a). Therefore, we need not go through any analysis regarding plaintiff's adherence to the requirements of N.C. Gen. Stat. § 159-28(a). This also means that "no valid contract was formed between" plaintiff and defendant and defendant "therefore has not waived its sovereign immunity to be sued . . . for contract damages[.]" *See id.* at 103, 545 S.E.2d at 247-48. In contrast to *Data General*, which addressed a claim for *quantum meruit*, which is "based upon a quasi contract or a contract implied in law, such that a party may recover for the reasonable value of materials and services rendered in order to prevent unjust enrichment[,]" *see id.* at 103, 545 S.E.2d at 248, here, plaintiff raised a claim for unjust enrichment. But like *quantum meruit*, unjust enrichment "is a claim in quasi contract or contract implied in law" which arises when a party "confers a benefit upon another which is not required by a contract either express or implied [in fact] or a legal duty [and] the recipient thereof is . . . unjustly enriched and [is] required to make restitution therefor." *D.W.H. Painting Co. v. D.W. Ward Constr. Co.*, 174 N.C. App. 327, 334, 620 S.E.2d 887, 892 (2005) (citations and quotation marks omitted). Therefore, based on the reasoning in *Data General* and *Whitfield*, we decline "to imply a contract in law in derogation of sovereign immunity to allow a party to recover under a theory of" unjust enrichment. *See Data General*, 143 N.C. App. at 103, 545 S.E.2d at 248. Accordingly, as plaintiff did not make any allegations estab-

---

3. Because we find *Data General* indistinguishable from the case before us, we need not address the other cases cited by defendant in support of its argument.

lishing a valid contract pursuant to N.C. Gen. Stat. § 159-28, defendant did not waive its sovereign immunity, and the trial court did not have jurisdiction over defendant on the claim for unjust enrichment. *See Stacy*, 191 N.C. App. at 134, 664 S.E.2d at 567; *Arrington*, ____ N.C. App. at ____, 716 S.E.2d at 417. Thus, we affirm the trial court's dismissal of that claim.

Plaintiff urges this Court to follow this Court's reasoning in *Wing*. In *Wing*, the plaintiff, a developer, hired an engineer at a cost of $22,469.00 in early 2001 to complete an application for the extension of the defendant-town's water service to his development, which was sent to the North Carolina Department of Environmental and Natural Resources ("DENR") for approval on 14 May 2001. 165 N.C. App. at 691-92, 599 S.E.2d at 432. DENR approved the extension on 3 January 2002, so defendant-town notified the plaintiff, but the plaintiff's agent informed the defendant-town that the plaintiff no longer needed the extension. *Id.* The plaintiff brought a breach of contract claim and an unjust enrichment claim against defendant-town, both for $22,469.00. *Id.* Plaintiff relies heavily on this Court's statement in *Wing*: "A party may recover from a municipality under a *quantum meruit* theory upon a proper showing," 165 N.C. App. at 693-94, 599 S.E.2d at 433, but *Wing* is an inappropriate precedent to follow for this case. First, the *Wing* Court stated that since the defendant had not raised sovereign immunity, it was not going to address that issue. *Id.* at 694 n.1, 599 S.E.2d at 433 n.1. Here, the central issue is that plaintiff failed to properly allege that defendant waived its sovereign immunity by entering into a valid contract, and defendant raised this defense in its answer. Secondly, *Wing* was concerned with the application of N.C. Gen. Stat. § 160A-16, which states, "All contracts made by or on behalf of a city shall be in writing. A contract made in violation of this section shall be void and unenforceable unless it is expressly ratified by the council," whereas the case at hand is concerned with the specific requirements of N.C. Gen. Stat. § 159-28 and sovereign immunity. As noted above, "[t]he language of [N.C. Gen. Stat. § 159-28(a)] makes the pre-audit certificate a *requirement* when a town will have to satisfy an obligation in the fiscal year in which a contract is formed." *Myers*, 135 N.C. App. at 713, 522 S.E.2d at 126. N.C. Gen. Stat. § 159-28 was inapplicable in *Wing* because the alleged contract was created in 2001 while the obligation to pay was created in 2002. *Wing*, 165 N.C. App. at 692, 599 S.E.2d at 432. The case at hand, however, involves an alleged contract and obligation to pay both created in the same fiscal year. *See Myers*, 135 N.C. App. at 713, 522 S.E.2d at 126. In making its

statement regarding *quantum meruit,* the Court in *Wing* relied on *Charlotte Lumber & Manufacturing Co. v. City of Charlotte,* 242 N.C. 189, 87 S.E.2d 204 (1955) and *Hawkins v. Town of Dallas,* 229 N.C. 561, 50 S.E.2d 561 (1948), upon which plaintiff also relies in its argument. However, these cases were decided before N.C. Gen. Stat. § 159-28 was enacted and thus did not address the effect of that statute. Therefore, plaintiff's argument is overruled and we affirm the dismissal of plaintiff's claims.

## IV. Affirmative defense

**[3]** Plaintiff further argues that *DeMurry v. Department of Corrections,* 195 N.C. App. 485, 673 S.E.2d 374 (2009) requires that a state actor must plead the affirmative defense of sovereign immunity in order to be afforded its protection in a contract claim. In support of its argument that the trial court in error relied upon sovereign immunity when defendant did not affirmatively plead that defense, plaintiff points us to this portion of the trial court's order:

> The Court does NOT have jurisdiction over the Defendant Town for an equitable claim of quasi-contract, quantum meruit, estoppel or unjust enrichment, since such a claim presupposes that there was no specific valid contract, and therefore no waiver of sovereign immunity by the Defendant Town.

But even were we to assume for purposes of argument that defendant was required to plead a defense of sovereign immunity, contrary to plaintiff's arguments, defendant did plead sovereign immunity in its answer. In its "fourth defense" defendant's answer states that "[t]he alleged contract upon which this action is based is illegal in that it does not comply with the pre[-]audit certificate requirements contained in N.C. Gen. Stat. § 159-28, as required by law. The alleged contract is thus invalid and unenforceable and this action is barred." N.C. Gen. Stat. § 1A-1, Rule 8 sets forth the general rules of pleadings, including the requirements for "(a) Claims for relief" and "(c) Affirmative defenses." We have stated that

> [t]he language in Rule 8(a), dealing with general pleading, and that in Rule 8(c), dealing with pleading affirmative defenses, is largely identical: (such pleading shall contain) "a short and plain statement . . . sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved." Under our new Rules of Civil Procedure, the requirements for pleading an affir-

mative defense are no more stringent than those for pleading a cause of action.

*Bell v. Traders & Mechanics Ins. Co.*, 16 N.C. App. 591, 593, 192 S.E.2d 711, 712 (1972). *See Lewis v. Gastonia Air Service, Inc.*, 16 N.C. App. 317, 318-19, 192 S.E.2d 6, 7 (1972) ("[u]nder notice pleading a statement of claim is adequate if it gives sufficient notice of the claim asserted to enable the adverse party to answer and prepare for trial, to allow for the application of the doctrine of *res judicata*, and to show the type of case brought." (citation and quotation marks omitted)). Given our Courts' holdings in *Whitfield* and *Data General* regarding waiver of sovereign immunity based on a valid contract and the requirements of N.C. Gen. Stat. § 159-28, as discussed above, we hold that defendant's "fourth defense" gave plaintiff sufficient notice that defendant was asserting plaintiff's failure to comply with the requirements of N.C. Gen. Stat. § 159-28(a), and thus the defense of sovereign immunity as it exists in the context of plaintiff's allegations. Plaintiff's argument is overruled.

### V. Conclusion

For the aforementioned reasons, this Court holds that the trial court properly dismissed plaintiff's unjust enrichment claim, and affirms the trial court's order.

AFFIRMED.

Judges CALABRIA and McCULLOUGH concur.