HUNTER, JR., ROBERT N., Judge.
*120 Charlene Salzer, Mary Elder, and Martha Buffington ("Plaintiffs") appeal from an order granting dismissal of their complaint for lack of subject matter jurisdiction. For the following reasons, we reverse and remand the decision of the district court.
*121 I. Factual & Procedural History
In 1991, the current and former owners of King Kong Zoo incorporated the King Kong Zoological Park, Inc. in North Carolina, with Defendant John Curtis as its registered agent. King Kong Zoological Park, Inc. privately owns and operates King Kong Zoo. King Kong Zoo is an Animal Welfare Act ("AWA") licensed exhibitor of wild and domestic animals in Murphy, North Carolina.
On 30 April 2014, Plaintiffs Charlene Salzer, Mary Elder, and Martha Buffington initiated a civil action against King Kong Zoo and John Curtis ("Defendants") in Cherokee County District Court, alleging facts amounting to animal cruelty in violation of N.C. Gen.Stat. § 19A-1. According to Plaintiffs, the conditions in which King Kong Zoo kept the animals were grossly substandard. Plaintiffs moved the Cherokee County District Court for a permanent injunction against King Kong Zoo's exhibition of domestic and exotic wildlife, as well as an order terminating John Curtis's ownership and possessory rights in the animals exhibited. Defendants subsequently moved for dismissal of Plaintiffs' complaint for lack of personal jurisdiction over King Kong Zoological Park, Inc. pursuant to Rule 12(b)(2) of the North Carolina Rules of Civil Procedure, and for lack of jurisdiction over the subject matter of the complaint pursuant to Rule 12(b)(1) of the North Carolina Rules of Civil Procedure.
The case came on for hearing on 18 August 2014. Defendants first argued insufficient service of process because Plaintiffs named an improper party-"King Kong Zoo"-instead of "King Kong Zoological Park, Inc." in their service of summons. Defendants next argued that, because the federal AWA governs exhibitors and the welfare of animals in licensed zoos, the United States District Court is vested jurisdiction in the subject matter, and such federal law preempts Plaintiffs from seeking relief under N.C. Gen.Stat. § 19A-1. In response, Plaintiffs contended N.C. Gen.Stat. § 19A-1 is not preempted, but rather works in conjunction with the federal AWA.
On 29 August 2014, the district court issued a written order denying Defendants' motion for dismissal on the grounds of personal jurisdiction. However, the court granted Defendants' motion to dismiss for lack of subject matter jurisdiction. The court stated the applicable law in this case is the federal AWA, contained in Chapter 54 of Title 7 of the United States Code because " N.C. Gen.Stat. § 19A-1 ... has no application to licensed zoo operations." Therefore, the court found, jurisdiction lies not in the State court but in the United States District Court. Plaintiffs filed timely written notice of appeal to this Court on 17 September 2014.
*122 II. Jurisdiction
Jurisdiction lies in this Court pursuant to N.C. Gen.Stat. § 7A-27(b)(2), which provides for an appeal of right to the Court of Appeals from any final judgment of a district court in *550 a civil action. See N.C. Gen.Stat. § 7A-27(b)(2) (2014).
III. Standard of Review
The standard of review "of a motion to dismiss under Rule 12(b)(1) of the North Carolina Rules of Civil Procedure is de novo. " M Series Rebuild, LLC v. Town of Mount Pleasant, Inc., 222 N.C.App. 59, 63, 730 S.E.2d 254, 257 (2012) (citation and quotation marks omitted). "Under a de novo review, the court considers the matter anew and freely substitutes its own judgment for that of the [trial court]." Id.
IV. Analysis
This is a case of first impression in North Carolina-addressing whether the federal AWA preempts Plaintiffs from bringing their claim in Cherokee County District Court under N.C. Gen.Stat. § 19A. Pursuant to the Tenth Amendment of the United States Constitution, "powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X. Federal law, therefore, preempts state law only when: "(1) Congress explicitly provides for the preemption of state law; (2) Congress implicitly indicates the intent to occupy an entire field of regulation to the exclusion of state law; or (3) the relevant state law principle actually conflicts with federal law." Eastern Carolina Reg'l Hous. Auth. v. Lofton, ---N.C.App. ----, ----, 767 S.E.2d 63, 69 (2014) (citing Cipollone v. Liggett Grp., Inc., 505 U.S. 504, 516, 112 S.Ct. 2608, 2617, 120 L.Ed.2d 407 (1992) ). Courts typically begin their analysis of federal preemption "with a presumption against federal preemption." Davidson Cnty. Broad., Inc. v. Rowan Cnty. Bd. of Comm'rs, 186 N.C.App. 81, 89, 649 S.E.2d 904, 910 (2007) (quotation marks and citation omitted). Moreover, "[w]here ... the field that Congress is said to have pre-empted has been traditionally occupied by the States 'we start with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress.' " Id.
Therefore, here, the issue is whether the federal AWA (A) expressly preempts any State regulation of animal welfare; (B) implies an intent to regulate the welfare of all animals in the United States; or (C) conflicts with N.C. Gen.Stat. § 19A so that "compliance with both state and federal requirements is impossible, or where state law stands as an obstacle *123 to the ... objectives of Congress." Lofton, --- N.C.App. at ----, 767 S.E.2d at 69. For the following reasons, we hold the federal AWA does not preempt State regulation of animal welfare under N.C. Gen.Stat. § 19A.
A. Express Preemption of State Regulations Regarding Animal Welfare
Under the "Express Preemption" theory, federal law preempts state law if the federal law contains "explicit pre-emptive language." Guyton v. FM Lending Servs., Inc., 199 N.C.App. 30, 44, 681 S.E.2d 465, 476 (2009) (citing Gade v. Nat'l Solid Wastes Mgmt. Ass'n, 505 U.S. 88, 115, 112 S.Ct. 2374, 2392, 120 L.Ed.2d 73 (1992) ). In Guyton, this Court considered whether the federal National Flood Insurance Act ("NFIA") preempted the plaintiffs from seeking redress in State court. We held "[a]s a result of the absence of expressly preemptive language in the NFIA ... the NFIA [did] not expressly preempt ... civil actions against lenders[.]" Id. at 45, 681 S.E.2d at 477. Here, Paragraph 1 of the federal AWA provides, "The Secretary shall promulgate standards to govern the humane handling, care, treatment, and transportation of animals by dealers, research facilities, and exhibitors." 7 U.S.C. § 2143(a)(1) (2006). Additionally, instead of providing definite language preempting state regulation of animal welfare, the AWA explicitly states, "Paragraph (1) shall not prohibit any State ... from promulgating standards in addition to those standards promulgated by the Secretary under paragraph (1)." 7 U.S.C. § 2143(a)(8) (2006). This precise language permitting states to enact complementary legislation to the AWA indicates the federal law does not expressly preempt claims under N.C. Gen.Stat. § 19A. Thus, under the "Express Preemption" theory, Plaintiffs are not limited to relief in federal courts. Moreover, other jurisdictions have held animal welfare to be *551 "recognized as part of the historic police power of the States." DeHart v. Town of Austin, Ind., 39 F.3d 718, 722 (7th Cir.1994) (citing Nicchia v. New York, 254 U.S. 228, 230-31, 41 S.Ct. 103, 103-04, 65 L.Ed. 235 (1920) ).
Therefore, the federal AWA does not preempt N.C. Gen.Stat. § 19A, but empowers Section 19A to work in conjunction with the AWA. Accordingly, due to explicit language empowering states to enact animal welfare laws complementary to the AWA, Plaintiffs' claim is not expressly preempted from being brought in Cherokee County District Court.
B. Implied Intent to Regulate All Animal Welfare in the United States
As noted above, Congress empowered the individual states to enact harmonious legislation to work in conjunction with the AWA. Congress, therefore, could not have implicitly intended to occupy an entire field *124 of regulation if it explicitly affords states the right to enact cooperative legislation dealing with the same field.
C. Conflict Between N.C. Gen.Stat. § 19A and the Federal Animal Welfare Act
Under the "Conflict Preemption" theory, federal law preempts state regulation when "compliance with both state and federal requirements is impossible, or 'where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.' " Guyton, 199 N.C.App. at 44-45, 681 S.E.2d at 476 (quoting English v. General Elec. Co., 496 U.S. 72, 79, 110 S.Ct. 2270, 2275, 110 L.Ed.2d 65 (1990) ). The issue of "Conflict Preemption" arises "when 'compliance with both federal and state regulations is a physical impossibility[.]' " State ex rel. Utils. Comm'n v. Carolina Power & Light Co., 359 N.C. 516, 525, 614 S.E.2d 281, 287 (2005) (quoting Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n, 461 U.S. 190, 204, 103 S.Ct. 1713, 1722, 75 L.Ed.2d 752 (1983) ).
There is no conflict of law here preempting Plaintiffs from bringing their action in Cherokee County. Both N.C. Gen.Stat. § 19A and the AWA apply to King Kong Zoo and both protect against the inhumane treatment of animals such as those exhibited in King Kong Zoo. N.C. Gen.Stat. § 19A is applicable to privately owned zoos such as King Kong Zoo because King Kong Zoo is not a "bona fide zoo[ ] ... operated by federal, State, or local government agencies." N.C. Gen.Stat. § 19A-11 (listing exceptions to the statute). Similarly, the federal AWA applies to King Kong Zoo because it is a licensed private exhibitor under the AWA. N.C. Gen.Stat. § 19A prohibits the same inhumane treatment of animals as the federal AWA. Thus, they apply equally and do not conflict so much as they operate cooperatively.
Because no explicit preemptive language exists, no implicit intent by Congress to occupy the entire field of animal welfare regulation exists, and the federal and State statutes do not conflict, we hold the federal AWA does not preempt Plaintiffs' claim under N.C. Gen.Stat. § 19A. Therefore, the trial court erred in finding it lacked subject matter jurisdiction over Plaintiffs' complaint.
For the reasons above, we reverse and remand to the Cherokee County District Court for determination consistent with this opinion.
REVERSED AND REMANDED.
Chief Judge McGEE and Judge DIETZ concur.