DILLON, Judge.
*890 David Wray ("Plaintiff") brought suit against his former employer (Defendant City of Greensboro) to recover certain employee benefits he claims he was due. The trial court dismissed Plaintiff's claim based on governmental immunity. For the following reasons, we reverse the order of dismissal and remand the matter for further proceedings.
*891 I. Background
In 1980, the City of Greensboro passed a resolution (the "City Policy") stating that the City would pay for the legal defense and judgments on behalf of its officers and employees with respect to certain claims arising from their employment.
In 2003, Plaintiff became the Chief of Police for the City. In January 2006, Plaintiff resigned from his position as Chief of Police at the request of the City Manager, after alleged incidents within the Greensboro Police Department (the "Department") resulted in state and federal investigations of Plaintiff and the Department.
After his resignation, Plaintiff was named as a defendant in actions filed by City police officers for Plaintiff's alleged conduct occurring while he was serving as Chief of Police.[1] Plaintiff has incurred substantial litigation expenses in these actions and has requested reimbursement from the City under the City Policy. However, the City has declined Plaintiff's request.
Plaintiff filed this present action against the City seeking $220,593.71, the amount he paid defending the lawsuits filed against him. The City moved to dismiss the action pursuant to Rule 12(b)(1), (2) and (6) of the Rules of Civil Procedure. The trial court granted the City's Rule 12(b) motion to dismiss Plaintiff's complaint, concluding that the City was shielded by the doctrine of governmental immunity, holding that the City had not waived its immunity. Plaintiff timely appealed.
II. Summary of Holding
The City's motion to dismiss was made pursuant to Rule 12(b)(1), (2) and (6). The trial court granted the City's motion on the sole ground that the City was "shielded by the doctrine of governmental immunity, which immunity has not been waived." The trial court based this holding on its conclusion that the City's enactment of the City Policy pursuant to its authority granted under N.C. Gen.Stat. § 160A-167 was not an action which waives governmental immunity. However, we hold that Plaintiff has, in fact, set forth allegations that the City has waived governmental immunity, though not based on the City's act of enacting the City Policy, but rather based on the City's act of entering into an employment agreement with Plaintiff.
*892 Specifically, Plaintiff has made a breach of contract claim, essentially alleging that he had a contract with the City to work for the City and that pursuant to the City's contractual obligations, the City is required to pay for his litigation expenses. Importantly, the City is authorized to enter into employment *436 contracts with its police officers, and the City is authorized by N.C. Gen.Stat. § 160A-167 to enact a policy by which it may contractually obligate itself to pay for certain legal expenses incurred by these officers.
Whether the City is, in fact, contractually obligated to pay for Plaintiff's litigation expenses as alleged in the present case (under a theory that the City Policy is part of his contract or based on some other theory) goes to the merits of Plaintiff's contract claim and is not relevant to our threshold review of whether the City is immune from having to defend against these contract claims in court. Rather, we merely hold that the trial court erred in dismissing Plaintiff's complaint based on the doctrine of governmental immunity, the only basis of its order. Accordingly, we reverse the order of the trial court.
III. Analysis
In general, the doctrine of sovereign/governmental immunity "provides the State, its counties, and its public officials with absolute and unqualified immunity from suits against them in their official capacity." Hubbard v. County of Cumberland, 143 N.C.App. 149, 151, 544 S.E.2d 587, 589 (2001). Under the doctrine of sovereign immunity, it is the State of North Carolina which "is immune from suit [in the absence of] waiver [,]" whereas under the doctrine of governmental immunity, counties and cities are "immune from suit for negligence of [their] employees in the exercise of governmental functions absent waiver of immunity." Meyer v. Walls, 347 N.C. 97, 104, 489 S.E.2d 880, 884 (1997) (emphasis added).
Our Supreme Court has instructed that when the State has the authority to enter into a contract and it does so voluntarily, "the State implicitly consents to be sued for damages on the contract in the event it breaches the contract." Smith v. State, 289 N.C. 303, 320, 222 S.E.2d 412, 423-24 (1976). Likewise, a city or county waives immunity when it "enters into a valid contract. " M Series Rebuild v. Town of Mt. Pleasant, 222 N.C.App. 59, 65, 730 S.E.2d 254, 259 (2012) (citations omitted) (emphasis in original). However, a municipality waives governmental immunity only for those contracts into which it is authorized to enter. See Smith, 289 N.C. at 322, 222 S.E.2d at 425 ("The State is liable only upon contracts authorized by law.").
*893 The relationship between a municipality and its police officers is, indeed, contractual in nature. And a municipality is authorized to enter into employment contracts with individuals to serve as police officers. Further, relevant to this appeal, the General Assembly has authorized municipalities to provide for the defense of their officers and employees in any civil or criminal action brought against a member in the member's official or individual capacity. N.C. Gen.Stat. § 160A-167 (1980). We hold that under G.S. 160A-167, one way a municipality is authorized to provide such benefit is by contract. We note that N.C. Gen.Stat. § 160A-167 is permissive; the General Assembly does not require a city to make any provision for the defense of employees, contractual or otherwise, but if a municipality does so, "[t]he city council, authority governing board, or board of county commissioners ... shall have adopted ... uniform standards under which claims made or civil judgments entered against ... employees or officers, or former employees or officers, shall be paid." N.C. Gen.Stat. § 160A-167(c).
In the present case, pursuant to its authority under N.C. Gen.Stat. § 160A-167, the City passed the City Policy, which provided as follows:
[It] is hereby declared to be the policy of the City of Greensboro to provide for the defense of its officers and employees against civil claims and judgments and to satisfy the same, either through insurance or otherwise, when resulting from any act done or omission made, or any act allegedly done or omission allegedly made, in the scope and course of their employment or duty as employees or officers of the City, except and unless it is determined that an officer or employee (1) acted or failed to act because of actual fraud, corruption or actual malice[,] or (2) acted or failed to act in a wanton or oppressive manner.
The City enacted the City Policy in 1980 and it remained in effect during the entire time Plaintiff was employed by the City. Whether *437 the City Policy is, in fact, an element of Plaintiff's employment contract and whether Plaintiff's litigation expenses are covered thereunder go to the merits of Plaintiff's contract claim. However, in the present appeal, we are not concerned with the merits of Plaintiff's contract claims; rather, we only address whether the City is shielded from having to defend against those claims based on governmental immunity.
It appears that Plaintiff was an at-will employee of the City. North Carolina has traditionally embraced a strong presumption that employment is "at-will," that is, terminable at the will of either party.
*894 Soles v. City of Raleigh, 345 N.C. 443, 446, 480 S.E.2d 685, 687 (1997) (internal citation omitted). However, the relationship between an employer and an at-will employee is still contractual in nature. In terms of benefits earned during employment, our Court has consistently applied a unilateral contract theory to the at-will employment relationship. See Roberts v. Mays Mills, Inc., 184 N.C. 406, 411-12, 114 S.E. 530, 533-34 (1922) ; White v. Hugh Chatham Mem'l Hosp., Inc., 97 N.C.App. 130, 131-32, 387 S.E.2d 80, 81 (1990) ; Brooks v. Carolina Telephone, 56 N.C.App. 801, 804, 290 S.E.2d 370, 372 (1982). A unilateral contract is one where the offeror is the master of the offer and can withdraw it at any time before it is accepted by performance. White, 97 N.C.App. at 132, 387 S.E.2d at 81. While the offer is outstanding, the offeree can accept by meeting its conditions. Id.
In sum, Plaintiff has essentially pleaded that he had an employment relationship with the City and that the City has contractually obligated itself to pay for his defense as a benefit of his contract. Whether the City is, in fact, obligated to pay contractually by virtue of its passage of the City Policy goes to the merits and is not the subject of this appeal.
We are unpersuaded by the City's argument that this case is controlled by our Supreme Court's holding in Blackwelder v. City of Winston-Salem, in which that Court stated that "[a]ction by the City under N.C.G.S. § 160A-167 does not waive immunity." Blackwelder v. City of Winston-Salem, 332 N.C. 319, 324, 420 S.E.2d 432, 436 (1992). The Supreme Court was referring to immunity from tort actions, stating in the previous sentence that the General Assembly has expressly prescribed in N.C. Gen.Stat. § 160A-485 that "the only way a city may waive its governmental immunity is by the purchase of liability insurance." Id. Extending the language in Blackwelder to contract claims would lead to bizarre results. For instance, an employee would have no remedy if his city-employer breached an express provision in his written employment contract which stated that the city would pay for any G.S. 160A-167 -type litigation expenses he might incur defending a suit brought by a third party.
We are further unpersuaded by the City's argument that Plaintiff failed to "specifically allege a waiver of governmental immunity." Fabrikant v. Currituck County, 174 N.C.App. 30, 38, 621 S.E.2d 19, 25 (2005). We agree that "[a]bsent such an allegation, the complaint fails to state a cause of action." Id. However, we do not require precise language alleging that the City has waived the defense of governmental immunity-"consistent with the concept of notice pleading, a complaint need only allege facts that, if taken as true, are sufficient to establish a waiver[.]"
*895 Id; see also Sanders v. State Personnel Com'n, 183 N.C.App. 15, 19, 644 S.E.2d 10, 13 (2007). Rather, we look to Plaintiff's amended complaint to determine whether Plaintiff has sufficiently alleged the City's waiver of governmental immunity. See Sanders, 183 N.C.App. at 19, 644 S.E.2d at 13. In the amended complaint, Plaintiff alleges that he was employed by the City's Police Department as the Chief of Police, that he was acting within the "course and scope of his employment" at all times material to his claim, that pursuant to the provisions of the City Policy he is entitled to reimbursement for his legal expenses and fees, and that the City failed to honor the City Policy. We believe that these allegations are sufficient to establish waiver through a breach of Plaintiff's contractual relationship as an employee of the City. Accordingly, this argument is overruled. In concluding as such, we take no position as to the merits of Plaintiff's contract action- *438 "[t]oday we decide only that [P]laintiff is not to be denied his day in court because his contract was with the State." Smith, 289 N.C. at 322, 222 S.E.2d at 424.
IV. Conclusion
We hold that the City is not shielded by the doctrine of governmental immunity to the extent that Plaintiff's action is based in contract. We reverse the order of the trial court and remand this case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
Judge ZACHARY concurs.
Judge BRYANT dissents by separate opinion.

See Fulmore v. City of Greensboro, 834 F.Supp.2d 396 (M.D.N.C.2011) ; Hinson v. City of Greensboro, 232 N.C.App. 204, 753 S.E.2d 822 (2014).