An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA26-28

Filed 17 June 2026

Wayne County, No. 25CV002596-950

JERRI JOANN JOHNSON,

      Plaintiff,

      v.

WAYNE COUNTY, by and through WAYNE COUNTY MANAGER,

      Defendant.

Appeal by plaintiff from order entered 18 November 2025 by Judge Stephen C. Stokes in Wayne County Superior Court. Heard in the Court of Appeals 21 May 2026.

*Plaintiff-appellant Jerri Joann Johnson, pro se.*

*Womble Bond Dickinson (US) LLP, by Sonny S. Haynes, for defendant-appellee.*

ZACHARY, Judge.

Plaintiff Jerri Joann Johnson appeals from an order, *inter alia*, denying her motion for entry of default and granting Defendant Wayne County's motion to dismiss her complaint. After careful review, we affirm in part, vacate in part, and remand this matter to the trial court for entry of an amended order.

## I.      Background

Plaintiff was hired by the Wayne County Register of Deeds to fill the position of Deputy Register, beginning her employment on 24 October 2022 and resigning in early 2023. Shortly thereafter, Plaintiff filed suit against Wayne County and the Wayne County attorney, alleging "the facilitation of the unlawful practice of law without a license," breach of contract, and retaliation. In her complaint, Plaintiff stated that the Wayne County Register of Deeds requested that Plaintiff, who is not a licensed attorney, provide the Register of Deeds with legal services on a personal matter, which Plaintiff did for a time. Plaintiff alleged that after informing the Register of Deeds that she would no longer provide those services, the Register of Deeds retaliated against her such that she felt compelled to resign her position. On 2 June 2025, the trial court entered an order dismissing this complaint without prejudice.

On 1 July 2025, Plaintiff filed a second complaint against Wayne County, advancing claims for breach of implied contract, constructive discharge, and retaliatory discharge, and requesting that the County "be estopped from asserting that [it was] not Plaintiff[ ]'s employer." Plaintiff stated that the complaint arose "from the same factual nucleus" as her previous complaint and "relate[d] back" to that complaint. Plaintiff requested compensatory damages, equitable relief, and pre- and post-judgment interest.

On 17 July 2025, the County filed a motion for an extension of time to respond to Plaintiff's complaint, which was granted. On 12 September 2025, the County filed

a second motion for an extension of time, which Plaintiff did not oppose but on which the trial court did not rule.

Plaintiff filed a motion for entry of default on 15 October 2025, stating that the County "ha[d] failed to file an [a]nswer, responsive pleading, or dispositive motion within the time prescribed" by N.C. Gen. Stat. § 1A-1, Rule 12(a) (2025) and was therefore in default. Defendant filed a motion to dismiss on 17 October 2025, alleging, *inter alia*, lack of subject-matter jurisdiction, failure to state a claim upon which relief could be granted, and failure to join a necessary party.

Plaintiff's motion for entry of default and Defendant's motion to dismiss came on for hearing on 17 November 2025. In an order entered on 18 November 2025, the trial court, *inter alia*, denied Plaintiff's motion for entry of default and granted the County's motion to dismiss Plaintiff's complaint pursuant to N.C. Gen. Stat. § 1A-1, Rules 12(b)(1) and (6).

Plaintiff gave timely notice of appeal.

## II.    Discussion

Plaintiff raises several issues on appeal: whether the trial court erred 1) by dismissing her complaint pursuant to Rule 12(b)(6); 2) by "improperly resolv[ing] factual issues against [her]"; 3) by misapplying N.C. Gen. Stat. § 153A-103; 4) by "improperly consider[ing] matters outside the pleadings"; 5) by denying her motion for entry of default; and 6) by dismissing her complaint "with prejudice without addressing [her] relation-back claim." (Capitalization omitted). We disagree with

Plaintiff's contention that the court erred by dismissing her complaint; however, the court lacked jurisdiction to dismiss her complaint with prejudice.

## A. Subject-Matter Jurisdiction

Plaintiff argues that "the trial court misapplied N.C. Gen. Stat. §[ ]153A-103" (capitalization omitted) and "that the employment-status question could not properly be resolved on a motion to dismiss." In her reply brief, she characterizes these arguments as responding to the 12(b)(1) motion to dismiss, in that the County entered into a voluntary contract with her and thus waived its immunity. We conclude that Plaintiff has failed to establish the County's waiver of immunity and therefore, dismissal pursuant to Rule 12(b)(1) was appropriate.

### 1. Standard of Review

N.C. Gen. Stat. § 1A-1, Rule 12(b)(1) "allows for the dismissal of a complaint due to a lack of jurisdiction over the subject matter of the claim or claims asserted in that complaint. The standard of review on a motion to dismiss under Rule 12(b)(1) for lack of jurisdiction is de novo." *Bunch v. Britton*, 253 N.C. App. 659, 665–66, 802 S.E.2d 462, 469 (2017) (extraneity removed). "[T]he issue of a court's jurisdiction over a matter may be raised at any time, even for the first time on appeal or by a court *sua sponte*." *Carpenter v. Carpenter*, 245 N.C. App. 1, 8, 781 S.E.2d 828, 835 (2016) (citation omitted).

### 2. Conversion to Motion for Summary Judgment

First, Plaintiff argues that the trial court erred by considering matters outside

the pleadings—specifically, the opinion of this Court in *Sims-Campbell v. Welch*, 239 N.C. App. 503, 769 S.E.2d 643 (2015)—thereby converting Defendant's motion to dismiss to a motion for summary judgment.

It is well settled that a trial court "need not confine its evaluation of a Rule 12(b)(1) motion to the face of the pleadings, but may review or accept any evidence, such as affidavits, or it may hold an evidentiary hearing." *Smith v. Privette*, 128 N.C. App. 490, 493, 495 S.E.2d 395, 397 (extraneity removed), *appeal dismissed*, 348 N.C. 284, 501 S.E.2d 913 (1998). "[C]onsideration of matters outside the pleadings does not convert the Rule 12(b)(1) motion to one for summary judgment." *Id.* (extraneity removed). Moreover, "[m]emoranda of points and authorities as well as briefs and oral arguments are not considered matters outside the pleading for purposes of converting a Rule 12 motion into a Rule 56 motion." *Privette v. Univ. of N.C. at Chapel Hill*, 96 N.C. App. 124, 132, 385 S.E.2d 185, 189 (1989) (extraneity removed). Consequently, the County's motion to dismiss was not converted to a motion for summary judgment and Plaintiff's argument is overruled.

*3. Waiver of Immunity*

"In general, sovereign immunity operates to grant the state, its counties, and its public officials an unqualified and absolute immunity from suits brought against them in their official capacity." *Archer v. Rockingham County*, 144 N.C. App. 550, 552–53, 548 S.E.2d 788, 790 (2001), *disc. review denied*, 355 N.C. 210, 559 S.E.2d 796 (2002). "Because it is a jurisdictional matter, a plaintiff's complaint must

affirmatively demonstrate the basis for the waiver of immunity when suing a governmental entity which has immunity." *M Series Rebuild, LLC v. Town of Mount Pleasant*, 222 N.C. App. 59, 63, 730 S.E.2d 254, 257 (citation omitted), *disc. review denied*, 366 N.C. 413, 735 S.E.2d 190 (2012).

Plaintiff's complaint alleges but one basis for the County's alleged waiver of immunity: "that [g]overnmental immunity does not apply to breach of contract suits when the public entity enters [into] a contract voluntarily." Plaintiff is correct in that a valid contract waives immunity. *See Wray v. City of Greensboro*, 247 N.C. App. 890, 892, 787 S.E.2d 433, 436 (2016) ("[A] city or county waives immunity when it enters into a valid contract." (extraneity removed)), *aff'd*, 370 N.C. 41, 802 S.E.2d 894 (2017).

Here, Plaintiff asserts that she had an "implied contract" with the County because the County's human resources department handled her "onboarding, drug testing, payroll, retirement enrollment, personnel policies, and reporting procedures." Yet when questioned by the trial court, Plaintiff affirmed that "whatever wrongs [she was] alleging . . . came out of [the Register of Deeds] office, if [they] occurred, not out of the [C]ounty." The only breach of contract that Plaintiff ascribes to the County in her complaint was the County's failure "to protect [Plaintiff] from [r]etaliation . . . according to the . . . County's [p]ersonnel [p]olicy." However, the policy cited by Plaintiff applies only to County "employees"; under N.C. Gen. Stat. § 153A-103(1), Plaintiff was not an employee of the County, but rather an employee of the Register of Deeds. We turn now to address this statute.

*4. N.C. Gen. Stat. § 153A-103(1)*

N.C. Gen. Stat. § 153A-103(1) provides that "[e]ach . . . register of deeds elected by the people has the exclusive right to hire, discharge, and supervise the employees in his office." This Court has interpreted the language of this statute as foreclosing an employer-employee relationship between a county and the employees of a register of deeds:

> Aside from fixing the number of salaried employees in the office of register of deeds, a county thus lacks any authority to supervise or control the details of the work performed by employees in that office. An employer-employee relationship simply cannot exist between a county and employees of the register of deeds where the county has no authority to hire, fire, supervise, or control those employees.

*Sims-Campbell v. Welch*, 239 N.C. App. 503, 507, 769 S.E.2d 643, 647–48 (2015).

Nevertheless, Plaintiff contends that a county can "be a 'co-employer' or liable for the actions of personnel in departments headed by elected officials," citing *Block v. County of Person*, 141 N.C. App. 273, 540 S.E.2d 415 (2000). *Block* bears no applicability to the inquiry at hand; it does not concern N.C. Gen. Stat. § 153A-103(1) or any similar statute that provides specific hiring, firing, and supervisory rights to a particular office. Plaintiff's reliance on *Strickland v. Hedrick*, 194 N.C. App. 1, 669 S.E.2d 61 (2008), is similarly misplaced.

Additionally, Plaintiff argues that the personnel action form utilized in her hiring process "confirms that the Assistant County Manager had to approve the hire

and salary," constituting a "level of involvement [that] exceeds the 'ministerial' role envisioned by N.C. Gen. Stat. § 153A-103." However, the County merely approved a hire already made by the Register of Deeds, an action categorically distinct from the power to hire and install new employees for the office of the Register of Deeds. Plaintiff also points to pay stubs and onboarding forms as suggesting "a contractual relationship where the County performed more than 'ministerial' duties." None of these documents suggest that the County had any "authority to hire, fire, supervise or control" employees of the Register of Deeds. *Sims-Campbell*, 239 N.C. App. at 507, 769 S.E.2d at 648. We therefore conclude that *Sims-Campbell* is controlling in the instant case, and Plaintiff's employer was the Wayne County Register of Deeds, rather than the County.

### 5. Dismissal with Prejudice

In sum, Plaintiff has failed to "affirmatively demonstrate the basis for the waiver of immunity." *M Series*, 222 N.C. App. at 63, 730 S.E.2d at 257 (citation omitted). Accordingly, we conclude that the trial court did not err in dismissing Plaintiff's complaint pursuant to Rule 12(b)(1). However, "when a complaint is dismissed for lack of subject[-]matter jurisdiction, that decision does *not* result in a final judgment on the merits and does not bar further action by the plaintiff on the same claim." *United Daughters of the Confederacy, N.C. Div. v. City of Winston-Salem*, 383 N.C. 612, 650, 881 S.E.2d 32, 60 (2022). Accordingly, the court erred by dismissing the complaint with prejudice, which is an adjudication on the merits. *Id.*

"As a result, we vacate the portion of the trial court's order dismissing the . . . complaint with prejudice and remand this case to Superior Court, [Wayne] County, with instructions to dismiss the . . . complaint *without*, rather than with, prejudice." *Id.*

## B. Remaining Arguments

In that we have concluded that the trial court lacked subject-matter jurisdiction over this matter, we will not address Plaintiff's remaining procedural arguments.[1]

## III.   Conclusion

For the foregoing reasons, we conclude that the trial court did not err in dismissing Plaintiff's complaint pursuant to Rule 12(b)(1). However, in that the court lacked subject-matter jurisdiction, it could not reach the merits of Plaintiff's complaint, and therefore erred in dismissing her complaint with prejudice. Accordingly, we affirm the order in part, vacate that portion of the order dismissing Plaintiff's complaint with prejudice, and remand to the trial court for entry of an order dismissing her complaint without prejudice.

AFFIRMED IN PART; VACATED IN PART AND REMANDED.

---

[1] Even if these arguments were properly before us, they would have no merit. In these arguments, Plaintiff relies primarily on a case styled "*Rivers v. Rivers*, 90 N.C. App. 353, 368 S.E.2d 765 (1988)." Plaintiff may be referring to *Rivers v. Rivers*, 29 N.C. App. 172, 223 S.E.2d 568, *disc. review denied*, 290 N.C. 309, 225 S.E.2d 829 (1976), the only case in North Carolina with this name. However, this case supports none of the arguments in Plaintiff's briefs.

Judges CARPENTER and MURRY concur.

Report per Rule 30(e).