HUDSON, Justice.
**42 This case involves attempts by plaintiff, David Wray, a former Chief of Police for defendant, the City of Greensboro, to obtain reimbursement from the City for costs incurred by plaintiff in defending lawsuits brought against him for events that occurred during his tenure as Chief of Police. Because we conclude that plaintiff has sufficiently pleaded waiver of governmental immunity by alleging the essence of a contract claim, we affirm the decision of the Court of Appeals reversing the trial court's order of dismissal *896 and remanding the matter for further proceedings.
On 2 January 2009, plaintiff filed a complaint in the Superior Court in Guilford County, seeking, inter alia , a judgment declaring that he is entitled to indemnification and reimbursement from the City for all legal expenses incurred by him in connection with two lawsuits naming him as a defendant. In his complaint plaintiff stated that he began employment with defendant as a police officer in March 1981 and rose through the ranks to be named Chief of Police in July 2003. According to plaintiff, he was told that he "would need to take appropriate steps to restore the integrity and high standards" of the police department that had deteriorated under his predecessor. Plaintiff instituted measures that were unpopular with some officers, and he was ultimately forced to resign from his position in January 2006.
**43 In 2007 and 2008, respectively, two police officers sued plaintiff and other individuals, as well as the City, seeking damages for various wrongs alleged to have been inflicted on them during plaintiff's tenure. In his complaint plaintiff states that he requested that the City provide him with a defense in both suits, which "contain[ed] allegations that David Wray was acting within the course and scope of his employment with the City"; however, the City refused to do so.
Plaintiff asserted that in November 1980, long before either suit was filed, "the City passed a Resolution which provided that if a City officer or an employee were sued in either their individual or official capacities, the City would provide for the defense of said employee or individual and pay any judgment resulting from said suit against the employee or official." Plaintiff stated that "[t]he Resolution provided for defense and indemnification if the employee or official were acting in the scope and course of their employment or duty, unless the employee or official: 1) acted with fraud, corruption or actual malice, or 2) acted or failed to act in a wanton or oppressive manner." The 1980 Resolution reads that, as authorized by the General Assembly in 1977 in section 160A-167 of the North Carolina General Statutes,[1] "it is ... the policy of the City of Greensboro to provide for the defense of its officers and employees against civil claims and judgments and to satisfy the same, either through insurance or otherwise, when resulting from any act done ... in the scope and course of their employment," with the exceptions stated above. The policy authorizes the City Manager to determine whether a claim filed against an officer meets the standards set forth in the policy and states that the City Council "shall determine ... whether" to provide **44 for payment of any such claim made or judgment entered against an officer.
Plaintiff asked the court to "enter a declaratory judgment requiring the City to defend and indemnify him in connection with [both lawsuits]" and to pay his costs for defending those suits.
The case was removed to federal court to address a companion federal claim asserted by plaintiff. That claim was dismissed, and in August 2013, the state-law claim was remanded to the Superior Court in Guilford County.
On 20 October 2014, plaintiff filed an amended complaint reflecting dismissal of the federal claim and adding details to his remaining claim seeking indemnification and *897 reimbursement from the City. Specifically, plaintiff stated that a third lawsuit was filed against him, the City, and other individuals in January 2009, and that he also had to pay his own defense costs for that action. Plaintiff reiterated that "[a]s an employee of the City acting within the course and scope of his employment, and pursuant to the provisions of the City Policy, [he] is entitled to indemnification and reimbursement for the expenses he has incurred as a result of the allegations by and position taken by the City, as well as costs he has incurred in connection with his defense" in all three lawsuits "in the amount of $220,593.71."
On 24 November 2014, the City filed a motion to dismiss under Civil Procedure Rules 12(b)(1), 12(b)(2), and 12(b)(6). Defendant asserted that the complaint should be dismissed for "lack of a justiciable controversy, lack of personal and subject matter jurisdiction, and for failure to state a claim." Defendant argued, inter alia , that the claims asserted by plaintiff in his first amended complaint, including his "newly-added claims for reimbursement of legal expenses," "are barred by the doctrine of governmental immunity, and accordingly Plaintiff has failed to state a claim on which relief can be granted."
On 13 May 2015, Judge James C. Spencer, Jr. entered an order dismissing plaintiff's first amended complaint with prejudice. The trial court ruled that defendant is "shielded by the doctrine of governmental immunity, which immunity has not been waived." The court added, "Neither the institution of a plan adopted pursuant to N.C.G.S. § 160A-167, under which a city may pay all or part of some claims against employees of the city, nor action taken by the city under N.C.G.S. § 160A-167, waives governmental immunity." Plaintiff appealed to the Court of Appeals.
On 7 June 2016, a divided panel of the Court of Appeals reversed the trial court's order dismissing plaintiff's claim and remanded the matter **45 for further proceedings. Wray v. City of Greensboro , --- N.C.App. ----, 787 S.E.2d 433 (2016). The majority held that plaintiff "has, in fact, set forth allegations that the City has waived governmental immunity ... based on the City's act of entering into an employment agreement with Plaintiff." Id. at ----, 787 S.E.2d at 435.
The majority explained, "Specifically, Plaintiff has made a breach of contract claim, essentially alleging that he had a contract with the City to work for the City and that pursuant to the City's contractual obligations, the City is required to pay for his litigation expenses." Id. at ----, 787 S.E.2d at 435 (emphasis omitted). The majority added, "Importantly, the City is authorized to enter into employment contracts with its police officers, and the City is authorized by N.C.[G.S.] § 160A-167 to enact a policy by which it may contractually obligate itself to pay for certain legal expenses incurred by these officers." Id. at ----, 787 S.E.2d at 435-36.
The majority reiterated throughout its opinion that this appeal is not about the merits of plaintiff's contract claim. Id. at ----, 787 S.E.2d at 436-37. Rather, the issue to be resolved is whether the trial court erred in dismissing the complaint "based on the doctrine of governmental immunity, the only basis of its order." Id. at ----, 787 S.E.2d at 436 (emphasis omitted). The majority reviewed plaintiff's amended complaint and determined that plaintiff sufficiently alleged waiver. Id. at ----, 787 S.E.2d at 437. Specifically, the majority determined that plaintiff alleged "that he was employed by the City's Police Department as the Chief of Police, that he was acting within the 'course and scope of his employment' at all times material to his claim, that pursuant to the provisions of the City Policy he is entitled to reimbursement for his legal expenses and fees, and that the City failed to honor the City Policy." Id. at ----, 787 S.E.2d at 437. Therefore, the majority held that plaintiff "establish[ed] waiver through a breach of Plaintiff's contractual relationship as an employee of the City." Id. at ----, 787 S.E.2d at 437. The majority further held that "the City is not shielded by the doctrine of governmental immunity to the extent that Plaintiff's action is based in contract." Id. at ----, 787 S.E.2d at 438. Accordingly, the majority reversed the trial court's order and remanded the case for further proceedings. Id. at ----, 787 S.E.2d at 438.
*898 The dissent would conclude that the trial court properly granted defendant's motion to dismiss. Id. at ----, 787 S.E.2d at 438 (Bryant, J., dissenting). The dissent would characterize the City's policy, as declared in the 1980 Resolution, as "prescrib[ing] an intent to provide for the defense of officers and employees," which, according to the dissent, does not equate to "provid[ing] substantive rights or procedural steps."
**46 Id. at ----, 787 S.E.2d at 439 (citations and emphasis omitted). The dissent "would hold that the Resolution is not a contractual provision upon which plaintiff can compel defendant's performance." Id. at ----, 787 S.E.2d at 439.
While acknowledging that "there is plenary support for the proposition that an employer-employee relationship is essentially contractual and such a relationship often waives immunity from suit on the contract," the dissent would nonetheless affirm the trial court. Id. at ----, 787 S.E.2d at 439 (citations omitted). The dissent would conclude "that the record before the trial court was sufficient to determine that plaintiff could not establish a valid contractual agreement with defendant City of Greensboro on the issue central to this action, the provision of a legal defense as a condition of employment." Id. at ----, 787 S.E.2d at 439-40. Accordingly, the dissent would "hold the trial court was correct in concluding that defendant ... did not waive its governmental immunity to plaintiff's suit." Id. at ----, 787 S.E.2d at 440. Therefore, the dissent would affirm the trial court's order dismissing plaintiff's complaint. Id. at ----, 787 S.E.2d at 440. Defendant filed its appeal based on the dissenting opinion.
Because we agree that plaintiff has sufficiently pleaded waiver of governmental immunity by alleging a contract claim, we affirm the decision of the Court of Appeals reversing the trial court's order of dismissal and remanding the matter for further proceedings.
"Dismissal of an action under Rule 12(b)(6) is appropriate when the complaint 'fail[s] to state a claim upon which relief can be granted.' " Arnesen v. Rivers Edge Golf Club & Plantation, Inc. , 368 N.C. 440, 448, 781 S.E.2d 1, 7 (2015) (alteration in original) (quoting N.C. R. Civ. P. 12(b)(6) ). "[T]he well-pleaded material allegations of the complaint are taken as [admitted]; but conclusions of law or unwarranted deductions of fact are not admitted." Id. at 448, 781 S.E.2d at 7 (first alteration in original) (quoting Sutton v. Duke , 277 N.C. 94, 98, 176 S.E.2d 161, 163 (1970) ). "The system of notice pleading affords a sufficiently liberal construction of complaints so that few fail to survive a motion to dismiss." Ladd v. Estate of Kellenberger , 314 N.C. 477, 481, 334 S.E.2d 751, 755 (1985). "A complaint should not be dismissed under Rule 12(b)(6) '... unless it affirmatively appears that plaintiff is entitled to no relief under any state of facts which could be presented in support of the claim.' " Id. at 481, 334 S.E.2d at 755 (quoting Presnell v. Pell , 298 N.C. 715, 719, 260 S.E.2d 611, 613 (1979) ). "We review appeals from dismissals under Rule 12(b)(6) de novo." Arnesen , 368 N.C. at 448, 781 S.E.2d at 8 (citing Bridges v. Parrish , 366 N.C. 539, 541, 742 S.E.2d 794, 796 (2013) ).
**47 Additionally, "[q]uestions of law regarding the applicability of sovereign or governmental immunity are reviewed de novo." Irving v. Charlotte-Mecklenburg Bd. of Educ. , 368 N.C. 609, 611, 781 S.E.2d 282, 284 (2016) (citations omitted).
As a general rule, "[u]nder the doctrine of sovereign immunity, the State is immune from suit absent waiver of immunity." Evans ex rel. Horton v. Hous. Auth. , 359 N.C. 50, 53, 602 S.E.2d 668, 670 (2004) (quoting Meyer v. Walls , 347 N.C. 97, 104, 489 S.E.2d 880, 884 (1997) ); see also Smith v. State , 289 N.C. 303, 309, 222 S.E.2d 412, 417 (1976). Specifically, "[t]he doctrine has proscribed both contract and tort actions against the [S]tate and its administrative agencies, as well as suits to prevent a State officer or Commission from performing official duties or to control the exercise of judgment on the part of State officers or agencies." Smith , 289 N.C. at 309-10, 222 S.E.2d at 417 (citations omitted). Governmental immunity is that portion of the State's sovereign immunity which extends to local governments. See, e.g. , Evans , 359 N.C. at 53, 602 S.E.2d at 670 ; Meyer , 347 N.C. at 104, 489 S.E.2d at 884.
*899 A State or local government, however, waives that immunity when it enters into a valid contract, to the extent of that contract. Whitfield v. Gilchrist , 348 N.C. 39, 42-43, 497 S.E.2d 412, 414 (1998) ; Smith , 289 N.C. at 320, 222 S.E.2d at 423-24. Specifically, this Court has held "that whenever the State of North Carolina, through its authorized officers and agencies, enters into a valid contract, the State implicitly consents to be sued for damages on the contract in the event it breaches the contract." Smith , 289 N.C. at 320, 222 S.E.2d at 423-24. Thus, "in causes of action on contract ..., the doctrine of sovereign immunity will not be a defense to the State. The State will occupy the same position as any other litigant." Id. at 320, 222 S.E.2d at 424 (citation omitted). "Likewise, a city or county waives immunity when it 'enters into a valid contract.' " Wray , --- N.C.App. at ----, 787 S.E.2d at 436 (majority opinion) (emphasis omitted) (quoting M Series Rebuild, LLC v. Town of Mount Pleasant , 222 N.C.App. 59, 65, 730 S.E.2d 254, 259, disc. rev. denied , 366 N.C. 413, 735 S.E.2d 190 (2012) ).
"In order to overcome a defense of governmental immunity, the complaint must specifically allege a waiver of governmental immunity. Absent such an allegation, the complaint fails to state a cause of action." Fabrikant v. Currituck County , 174 N.C.App. 30, 38, 621 S.E.2d 19, 25 (2005) (quoting Paquette v. County of Durham , 155 N.C.App. 415, 418, 573 S.E.2d 715, 717 (2002) (citations omitted), disc. rev. denied , 357 N.C. 165, 580 S.E.2d 695 (2003) ); accord **48 Hinson v. City of Greensboro , 232 N.C.App. 204, 210, 753 S.E.2d 822, 827 (2014). "This requirement does not, however, mandate that a complaint use any particular language. Instead, consistent with the concept of notice pleading, a complaint need only allege facts that, if taken as true, are sufficient to establish a waiver ... [of] immunity." Fabrikant , 174 N.C.App. at 38, 621 S.E.2d at 25 (emphasis added) (citation omitted). Because in contract actions "the doctrine of sovereign immunity will not be a defense," a waiver of governmental immunity is implied, and effectively alleged, when the plaintiff pleads a contract claim. See Smith , 289 N.C. at 320, 222 S.E.2d at 423-24 ("[W]henever the State of North Carolina ... enters into a valid contract, the State implicitly consents to be sued for damages on the contract in the event it breaches the contract." (emphasis added)). Thus, an allegation of a valid contract is an allegation of waiver of governmental immunity.
Here plaintiff adequately pleaded a contract action: that he had an employment relationship with the City that included the obligation on the part of the City to pay for his defense and that the City failed to do so. Specifically, in his first amended complaint plaintiff alleged, in pertinent part, as follows:
2. The plaintiff ... was formerly Chief of Police of the Greensboro Police Department.
....
4. David Wray began employment with the Police Department of the City of Greensboro as a police officer in March of 1981.
5[.] Through the years, David Wray was promoted to Sergeant, Lieutenant, Assistant Chief, and ultimately was promoted ... to the position of Chief of Police in July of 2003.
....
25. Mitchell Johnson's actions in locking David Wray from his office effectively ended David Wray's ability to serve as Chief and as a practical matter terminated David Wray's employment with the City.
26. David Wray submitted his resignation as Chief on January 9, 2006.
....
**49 35[.] At all times material hereto ... David Wray acted in the scope and course of his employment with the City, and not because of actual fraud, corruption, actual malice, or in a wanton or oppressive manner.
....
38[.] By letter dated June 5, 2007, counsel for David Wray wrote to counsel representing the City, pointing out that the Fulmore complaint pertained to "official capacity" conduct on the part of David Wray and requested that the City indemnify David Wray and provide him with a defense in the action....
*900 39. By letter dated July 3, 2007, counsel for the City responded to the request that the City provide David Wray with representation by providing a copy of the City Policy dated 13 November 1980 and 18 November 1980 ("City Policy") and denied the request for representation, based "on current information." ...
40. Upon information and belief, the City paid for representation of Randy Gerringer, Brian Bissett and Craig McMinn in the Fulmore Suit.
....
46. David Wray also requested that the City provide him with a defense in connection with the Hinson Suits.
47. The City did not defend David Wray or provide David Wray with a defense in the Hinson Suits.
....
51. David Wray requested that the City provide him with a defense and indemnification in the Alexander Suit.
52. The City did not defend David Wray or provide David Wray with a defense in the Alexander Suit.
....
62. At all times material hereto, David Wray was acting within the course and scope of his employment with the City of Greensboro, in the good faith discharge of his duties.
....
**50 64. At all times material to the allegations contained in the Fulmore Suit, the Hinson Suits, and the Alexander Suit, David Wray acted within the course and scope of his employment as the Chief of the Greensboro Police Department and is entitled to reimbursement for costs he incurred to defend himself in connection with the statements made by the City, as well as costs incurred in connection with his defense in the Fulmore Suit, the Hinson Suits, and the Alexander Suit.
65[.] The City has refused and continues to refuse to reimburse David Wray for his legal expenses.
66. As an employee of the City acting within the course and scope of his employment, and pursuant to the provisions of the City Policy, David Wray is entitled to indemnification and reimbursement for the expenses he has incurred as a result of the allegations by and position taken by the City, as well as costs he has incurred in connection with his defense in the Fulmore Suit, the Hinson Suits, and the Alexander Suit in the amount of $220,593.71.
In sum, plaintiff alleged that he was an "employee of" defendant, that he "acted within the course and scope of his employment as the Chief of the Greensboro Police Department," that "pursuant to the provisions of the City Policy, [he] is entitled to indemnification and reimbursement for the ... costs he has incurred in connection with his defense" in various lawsuits, and that defendant "has refused and continues to refuse to reimburse" him.
In light of the low bar for notice pleading under Rule 12(b)(6), as well as the waiver of governmental immunity that is inferred from the pleading of a contract claim, we conclude that the averments in plaintiff's first amended complaint are sufficient to allege a waiver of governmental immunity due to the City's failure to honor contractual obligations to plaintiff as an employee. Although we hold that dismissal of the complaint was not warranted, like the Court of Appeals, we express no opinion on the merits of plaintiff's contract action. We simply conclude, as we did in Smith , that "plaintiff is not to be denied his day in court because his contract was with" the City. Smith , 289 N.C. at 322, 222 S.E.2d at 424.
Moreover, the trial court erroneously concluded that the City was "shielded by the doctrine of governmental immunity" based on this Court's decision in **51 Blackwelder v. City of Winston-Salem , 332 N.C. 319, 420 S.E.2d 432 (1992). Citing Blackwelder , the trial court stated: "Neither the institution of a plan adopted pursuant to N.C.G.S. § 160A-167, under which a city may pay all or part of some claims against employees of the city, nor action taken by the city under N.C.G.S. § 160A-167, waives governmental immunity." Blackwelder , however, does not control here. In Blackwelder this Court stated that "[a]ction by the City under N.C.G.S. § 160A-167 does not waive immunity" in the context of a *901 tort action, noting that " N.C.G.S. § 160A-485 provides that the only way a city may waive its governmental immunity is by the purchase of liability insurance." 332 N.C. at 324, 420 S.E.2d at 436 (emphasis added). Section 160A-485 of the North Carolina General Statutes specifically addresses waiver of immunity from civil liability in tort. N.C.G.S. § 160A-485(a) (2015) ("Any city is authorized to waive its immunity from civil liability in tort by the act of purchasing liability insurance."). Here, in the context of a contract action, rather than a tort action, section 160A-485 has no application and does not limit how governmental immunity may be waived. Because there is no analogous statute limiting mechanisms for waiver of governmental immunity in the context of contract actions, the reasoning in Blackwelder does not control here.
We conclude that plaintiff's first amended complaint sufficiently presents allegations of a claim sounding in contract. As such, we further conclude that the complaint sufficiently alleges that the City has consented to be sued to the extent of any such contract. These allegations are adequate to raise a waiver of governmental immunity, and thus, to survive the City's motion to dismiss. For these reasons, we affirm the decision of the Court of Appeals reversing the trial court's order of dismissal and remanding the matter for further proceedings.
AFFIRMED.

Section 160A-167 of the North Carolina General Statutes, titled "Defense of employees and officers; payment of judgments," reads in pertinent part:
Upon request made by ... any ... former employee or officer, ... any city ... may provide for the defense of any civil or criminal action or proceeding brought against him either in his official or in his individual capacity, or both, on account of any act done or omission made, or any act allegedly done or omission allegedly made, in the scope and course of his employment or duty as an employee or officer of the city.... The defense may be provided by the city ... by its own counsel, or by employing other counsel, or by purchasing insurance which requires that the insurer provide the defense. Providing for a defense pursuant to this section is hereby declared to be for a public purpose, and the expenditure of funds therefor is hereby declared to be a necessary expense. Nothing in this section shall be deemed to require any city ... to provide for the defense of any action or proceeding of any nature.
N.C.G.S. § 160A-167(a) (2015).