Cosma v. Fit Kitchen, LLC, 2022 NCBC 36.

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

DANIEL COSMA,

        Plaintiff,

v.

FIT KITCHEN, LLC, d/b/a Get Fit Foods; FIT KITCHEN PARK ROAD, LLC, d/b/a Get Fit Foods Park Road; FIT KITCHEN PLAZA MIDWOOD, LLC, d/b/a Get Fit Foods Plaza Midwood; LLOYD ACE; and DAVID YERMANOS, individually,

        Defendants.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
22 CVS 7915

**ORDER AND OPINION
ON MOTION TO DISMISS**

*The Montgomery Law Firm, PLLC, by Eric A. Montgomery, for Plaintiff Daniel Cosma.*

*Villmer Caudill, PLLC, by Bo Caudill, for Defendants Fit Kitchen, LLC, Fit Kitchen Park Road, LLC, Fit Kitchen Plaza Midwood, LLC, Lloyd Ace, and David Yermanos.*

Conrad, Judge.

1.     This case arises out of a failed restaurant concept known as Get Fit Foods. As alleged, Lloyd Ace and David Yermanos opened several restaurants under that name sometime around 2016. They later invited Daniel Cosma to invest in the business. Together, the three men formed multiple LLCs and adopted an operating agreement to govern their rights as comembers. Cosma now claims that Ace and Yermanos closed the restaurants without notice while denying financial records, other information, and payments promised by the operating agreement. (*See* Compl. ¶¶ 14–21, ECF No. 3.) On that basis, Cosma has sued Ace, Yermanos, and three of their LLCs (together, "Defendants") for breach of contract, unjust enrichment, breach

of fiduciary duty, constructive fraud, and unfair or deceptive trade practices under N.C.G.S. § 75-1.1.

2. Defendants have moved to dismiss the complaint in its entirety. (ECF No. 5.) Cosma has not filed a response brief, and the time to do so has passed. By rule, the motion is deemed "uncontested," BCR 7.6, and the Court elects to decide it without a hearing, *see* BCR 7.4.

3. In deciding the motion, the Court applies familiar standards, taking the allegations of the complaint as true and viewing the facts and permissible inferences in the light most favorable to Cosma. *See, e.g.*, *Sykes v. Health Network Sols., Inc.*, 372 N.C. 326, 332 (2019). The Court need not accept as true any "conclusions of law or unwarranted deductions of fact." *Wray v. City of Greensboro*, 370 N.C. 41, 46 (2017).

4. **Breach of Contract.** Defendants challenge the claim for breach of contract on two grounds: that the complaint fails to allege, first, that each defendant is a party to the operating agreement and, second, that there was a breach of that agreement. Neither is persuasive. Construed liberally, the complaint alleges that "Plaintiff and Defendants entered into" the operating agreement, that the agreement gave Cosma inspection rights, promised certain "equity payments," and barred cessation of operations without all members' consent; and that Defendants breached these provisions. (Compl. ¶¶ 17, 19–21, 23, 26, 27.) In short, Cosma has alleged the "existence of a valid contract" and a "breach of the terms of that contract." *Poor v. Hill*, 138 N.C. App. 19, 26 (2000). When these elements are alleged, "it is error to

dismiss a breach of contract claim under Rule 12(b)(6)." *Woolard v. Davenport*, 166 N.C. App. 129, 134 (2004); *see also, e.g.*, *Vanguard Pai Lung, LLC v. Moody*, 2019 NCBC LEXIS 39, at *10 (N.C. Super. Ct. June 19, 2019) (collecting cases). The Court therefore denies the motion to dismiss the claim for breach of contract.

5. **Unjust Enrichment.** When the parties have made an express contract, the law will not imply one "with reference to the same matter." *Vetco Concrete Co. v. Troy Lumber Co.*, 256 N.C. 709, 713 (1962). Defendants contend that this principle bars Cosma's claim for unjust enrichment. At this early stage, however, the Court is persuaded that Cosma may plead unjust enrichment in the alternative to his claim for breach of the operating agreement. *See, e.g.*, N.C. R. Civ. P. 8(e)(2); *Moose v. Allegacy Fed. Credit Union*, 2021 NCBC LEXIS 47, at *10 (N.C. Super. Ct. May 5, 2021) (denying motion to dismiss claim for unjust enrichment when pleaded in the alternative to claim for breach of contract); *Gao v. Sinova Specialities, Inc.*, 2018 NCBC LEXIS 71, at *34–36 (N.C. Super. Ct. July 16, 2018) (same). The Court sees no other basis for dismissal of this claim.

6. **Breach of Fiduciary Duty and Constructive Fraud.** Cosma has not adequately alleged the existence of a fiduciary relationship between him and Defendants. The complaint refers to the parties as "partners" in a conclusory fashion, but the allegations make clear that Cosma, Ace, and Yermanos were instead comembers of various LLCs. (*See* Compl. ¶¶ 1, 2, 4, 16, 17, 49.) Generally, LLC members do not owe a fiduciary duty to each other, and an LLC does not owe a fiduciary duty to its members. *See, e.g.*, *Kaplan v. O.K. Techs., L.L.C.*, 196 N.C. App.

469, 473 (2009). Cosma has not pointed to any applicable exception to these default rules. Because the existence of a fiduciary relationship is an essential element of claims for breach of fiduciary duty and constructive fraud, the Court grants the motion to dismiss both claims.

7. **Section 75-1.1.** Cosma alleges that Defendants committed unfair or deceptive trade practices under N.C.G.S. § 75-1.1 by retaining his capital contribution, failing to provide financial records, and failing to make "equity payments." (Compl. ¶¶ 30, 32.) Even if true, these actions were purely internal to the LLCs and, as a result, were not "in or affecting commerce" as required by section 75-1.1. The Court therefore grants the motion to dismiss the section 75-1.1 claim. *See, e.g.*, *Nobel v. Foxmoor Group, LLC*, 380 N.C. 116, 121–22 (2022) (affirming dismissal of claim based on misuse of capital contribution); *White v. Thompson*, 364 N.C. 47, 51–52 (2010) (affirming dismissal of claim based on conduct "solely related to the internal operations" of business); *see also Brewster v. Powell Bail Bonding, Inc.*, 2018 NCBC LEXIS 76, at *16–17 (N.C. Super. Ct. July 26, 2018) (collecting cases).

\* \* \*

8. For these reasons, the Court **GRANTS** the motion to dismiss the claims for breach of fiduciary duty, constructive fraud, and violations of section 75-1.1. These claims are **DISMISSED** without prejudice. The Court **DENIES** the motion in all other respects.

9. The Court further **ORDERS** the parties to complete their BCR 9.1 case management meeting no later than 1 August 2022 and to file their BCR 9.2 case

management report and proposed case management order no later than 8 August 2022.

**SO ORDERED**, this the 18th day of July, 2022.

/s/ Adam M. Conrad
Adam M. Conrad
Special Superior Court Judge
for Complex Business Cases