IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-57

Filed 2 January 2024

Mecklenburg County, No. 22-CVS-4643

TYSON BATES AND REGINA BATES, Plaintiffs,

v.

CHARLOTTE-MECKLENBURG HISTORIC LANDMARKS COMMISSION; DANIEL MORRILL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CONSULTING DIRECTOR OF THE CHARLOTTE-MECKLENBURG HISTORIC LANDMARKS COMMISSION; HAROLD LEONARD NORMAN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS CHAIRMAN OF THE PROJECTS COMMITTEE; AND JACK THOMSON, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DIRECTOR OF THE CHARLOTTE-MECKLENBURG HISTORIC LANDMARKS COMMISSION, Defendants.

Appeal by defendants from order entered 14 October 2022 by Judge Reggie E. McKnight in Mecklenburg County Superior Court. Heard in the Court of Appeals 19 September 2023.

> *Ruff Bond Cobb Wade & Bethune, LLP, by Ronald L. Gibson, for defendant-appellants.*
>
> *Q Byrd Law, by Quintin D. Byrd, for plaintiff-appellees.*

THOMPSON, Judge.

In this interlocutory appeal which concerns two failed real estate transactions, defendants contend that the trial court erred in denying their motion to dismiss some of plaintiffs' claims based upon defendants' assertions of governmental and sovereign immunity. As discussed below, in light of controlling precedent and certain

deficiencies in plaintiffs' complaint, we agree in part and therefore we reverse the trial court's denial of defendants' motion to dismiss (1) claims for negligence in the care of historic property and unjust enrichment as to all defendants and (2) the claim of conversion as to the entity defendant and the individually named defendants in their official capacities. However, we leave undisturbed the trial court's denial of defendants' motion to dismiss plaintiffs' (3) claim of breach of the covenant of good faith and fair dealing against all defendants and their (4) conversion claim against the individual defendants in their individual capacities.

Defendants have also filed a petition for writ of certiorari in this Court, (5) seeking consideration of additional issues for which there is no right of immediate appeal, which we dismiss as moot in part and deny in part.

## I.    Factual Background and Procedural History

This case arises from plaintiffs' attempt to purchase from defendants a property located in Huntersville and known as the Torrence-Lytle School. According to plaintiffs' complaint, the property, which is no longer in use as a school and has fallen into disrepair, "is one of the oldest remaining African-American school buildings in Mecklenburg County" and is therefore of historic significance. In November 2007, the property was transferred to defendant Charlotte-Mecklenburg Historic Landmarks Commission (HLC),[1] an entity created by the City of Charlotte

---

[1] The individual defendants are the former consulting director, director, and a member of HLC.

and Mecklenburg County pursuant to N.C. Gen. Stat. § 160D-941 *et seq.*, for the purpose of identifying and preserving historic properties. Plaintiffs attempted to purchase the property from HLC by entering into contracts for purchase[2] in 2016 and again in 2019 but were never able to obtain ownership. As a result of this frustration of their purpose, plaintiffs filed a complaint in the Superior Court, Mecklenburg County on 22 March 2022 which alleged eight claims against defendants[3]: discriminatory real estate practices, breach of the covenant of good faith and fair dealing, breach of contract, negligence in the care of historic property, unfair and deceptive trade practices, conversion, unjust enrichment, and punitive damages.

On 10 June 2022, defendants filed a motion for summary judgment on plaintiffs' breach of contract claim and a motion to dismiss all of plaintiffs' claims pursuant to Rule of Civil Procedure 12(b)(1), (2), and (6), raising governmental immunity on behalf of HLC and the individual defendants in their official capacities, and public official immunity on behalf of the individual defendants in their individual capacities, along with other defenses. After the motions were heard at the 11 July 2022 civil session of the Superior Court, Mecklenburg County, the trial court allowed defendants' motion to dismiss plaintiffs' claims for discriminatory real estate

---

[2] Preservation commissions such as HLC are authorized to "exchange or dispose of the property by public or private sale, lease or otherwise, subject to covenants or other legally binding restrictions that will secure appropriate rights of public access and promote the preservation of the property." N.C. Gen. Stat. § 160D-942(3) (2021).

[3] The individual defendants were sued in both their official and individual capacities.

practices, unfair and deceptive trade practices, and punitive damages. The trial court, however, denied the motion to dismiss as to plaintiffs' claims for breach of the covenant of good faith and fair dealing, breach of contract, negligence in the care of historic property, conversion of earnest money deposits, and unjust enrichment. No ruling by the trial court on defendants' motion for summary judgment appears in the record on appeal. Defendants filed their notice of appeal on 2 November 2022.

## II.     Analysis

Defendants argue that the trial court erred in denying their motion to dismiss plaintiffs' claims for breach of the covenant of good faith and fair dealing, negligence in the care of historic property, conversion, and unjust enrichment based upon defendants' assertion of sovereign immunity defenses: governmental immunity on behalf of HLC and the individual defendants in their official capacities and public official immunity on behalf of the individual defendants in their individual capacities. As to HLC and the individual defendants in their official capacities, we agree as to plaintiffs' claims for negligence in the care of historic property, conversion, and unjust enrichment, but we conclude that neither governmental nor public official immunity is a defense to a claim of breach of the covenant of good faith and fair dealing. As to the claim of conversion against the individual defendants in their individual capacities, we hold that the trial court properly denied defendants' motion to dismiss, as plaintiffs' complaint was sufficient to survive those defendants' immunity defense at the pleading stage, and accordingly, we reverse the trial court's order as to that

portion of that claim. Plaintiffs' petition for writ of certiorari seeking review of other issues is denied in part and dismissed as moot in part.

## A. Appellate jurisdiction

The order from which this appeal is taken is interlocutory. *See, e.g.*, *Bartley v. City of High Point*, 381 N.C. 287, 293, 873 S.E.2d 525, 532 (2022) ("An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court to settle and determine the entire controversy." (citation omitted)). "As a general proposition, interlocutory orders are not immediately appealable unless the order in question affects a substantial right." *State ex rel. Stein v. Kinston Charter Academy*, 379 N.C. 560, 571, 866 S.E.2d 647, 655 (2021) (citing N.C. Gen. Stat. § 7A-27(b)(3)(a) (2019)). *See also* N.C. Gen. Stat. § 1-277(a) (2021) (providing that "[a]n appeal may be taken from every judicial order or determination of a judge of a superior . . . court, upon or involving a matter of law or legal inference . . . that affects a substantial right").

"Where a defendant asserts a form of sovereign immunity,[4] "such immunity is more than a mere affirmative defense, as it shields a defendant entirely from having to answer for its conduct at all in a civil suit, for damages." *Craig v. New Hanover*

---

[4] "The doctrine of sovereign/governmental immunity provides the State, its counties, and its public officials with absolute and unqualified immunity from suits against them in their official capacity," with sovereign immunity applying to claims against the State and governmental immunity applying to claims against counties and cities. *Wray v. City of Greensboro*, 247 N.C. App. 890, 892, 787 S.E.2d 433, 436 (2016) (citations omitted), *affirmed*, 370 N.C. 41, 802 S.E.2d 894 (2017). In turn, "[t]he defense of public official immunity is a 'derivative form' of governmental immunity." *Fullwood v. Barnes*, 250 N.C. App. 31, 38, 792 S.E.2d 545, 550 (2016) (citation omitted).

*Cty. Bd. of Educ.*, 363 N.C. 334, 337, 678 S.E.2d 351, 354 (2009) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985)). For this reason, a trial court's ruling "on grounds of sovereign immunity is immediately appealable, though interlocutory, because it represents a substantial right, as '[t]he entitlement is an immunity from suit rather than a mere defense to liability; and . . . it is effectively lost if a case is erroneously permitted to go to trial.' " *Craig*, 363 N.C. at 338, 678 S.E.2d at 354 (quoting *Mitchell*, 472 U.S. at 526).

We are mindful, however, that "[o]rders denying Rule 12(b)(1) motions to dismiss based on sovereign immunity, and therefore public official immunity, 'are not immediately appealable because they neither affect a substantial right nor constitute an adverse ruling as to personal jurisdiction.' " *Green v. Howell*, 274 N.C. App. 158, 164, 851 S.E.2d 673, 668 (2020) (quoting *Can Am South, LLC v. State*, 234 N.C. App. 119, 124, 759 S.E.2d 304, 308 (citation omitted), *disc. review denied*, 367 N.C. 791, 766 S.E.2d 624 (2014)). *See also Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 327, 293 S.E.2d 182, 184 (1982) (holding, in the context of interlocutory appeals implicating sovereign immunity, that "while [N.C. Gen. Stat. §] 1-277(b)[5] permits the immediate appeal of an order denying a motion made pursuant to Rule 12(b)(2) to dismiss for lack of jurisdiction over the person, that statute does not apply to orders denying motions made pursuant to Rule 12(b)(1) to dismiss for lack of subject matter

---

[5] "Any interested party has the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant." N.C. Gen. Stat. § 1-277(b).

jurisdiction"). However, the " 'denial of a Rule 12(b)(2) motion premised on sovereign immunity constitutes an adverse ruling on personal jurisdiction and is therefore immediately appealable under section 1-277(b),' " while "the denial of a 12(b)(6) motion based on the defense of sovereign immunity affects a substantial right and is immediately appealable under section 1-277(a)." *Green*, 274 N.C. App. at 164, 851 S.E.2d at 668 (quoting *Can Am South, LLC*, 234 N.C. App. at 124, 759 S.E.2d at 308) (other citations omitted).

As noted above, defendants' motion to dismiss asserting governmental and public official immunity was made pursuant to Rule of Civil Procedure 12(b)(1), (2), and (6), but although the trial court's order allowing in part and denying in part defendants' motion cites all three subsections of Rule 12 as the basis for the motion, the order does not specifically state the ground or grounds upon which the court ruled. Accordingly, we dismiss defendants' appeal from the trial court's order to the extent it was premised upon Rule 12(b)(1) but allow the appeal to the extent that the trial court's ruling was based upon Rule 12(b)(2) and (6).

**B. Standard of review**

When reviewing a trial court's ruling on a motion to dismiss, this Court must consider all of the allegations in the complaint as true. *Taylor v. Bank of Am., N.A.*, 382 N.C. 677, 679, 878 S.E.2d 798, 800 (2022). We then consider legal questions, such as the applicability of governmental and public official immunity, de novo. *Wray*, 370 N.C. at 47, 787 S.E.2d at 436.

## C. Governmental immunity

HLC and the individual defendants in their official capacities contend that the trial court erred in denying their motion to dismiss the claims for breach of the covenant of good faith and fair dealing, negligence in the care of historic property, conversion, and unjust enrichment because plaintiffs' complaint fails to allege that defendants waived their governmental immunity.[6] We agree in part, but we are not persuaded that governmental immunity is a defense to a claim of breach of the covenant of good faith and fair dealing.

"Under the doctrine of governmental immunity, a county is immune from suit for the negligence of its employees in the exercise of governmental functions absent waiver of immunity," *Meyer v. Walls*, 347 N.C. 97, 104, 489 S.E.2d 880, 884 (1997) (citations omitted), and in turn, "a municipal corporation has immunity for acts committed in its governmental capacity." *Evans v. Hous. Auth. of City of Raleigh*, 359 N.C. 50, 53, 602 S.E.2d 668, 670 (2004).

> *In order to overcome a defense of governmental immunity, the complaint must specifically allege a waiver of governmental immunity*. Absent such an allegation, the complaint fails to state a cause of action. No particular language is required to allege a waiver of governmental immunity, but the complaint must allege facts that, if

---

[6] Defendants do not contest the trial court's denial of their motion to dismiss the breach of contract claim on the basis of their assertion of sovereign immunity because "[a] State or local government . . . waives that immunity when it enters into a valid contract, to the extent of that contract." *Wray*, 370 N.C. at 47, 802 S.E.2d at 899 (citations omitted). Thus, sovereign immunity is not a defense to a breach of contract claim. *Id.* Accordingly, that claim is not before the Court in this interlocutory appeal and remains pending in the trial court.

> taken as true, are sufficient to establish a waiver by the
> State of governmental immunity.

*Fullwood*, 250 N.C. App. at 37, 792 S.E.2d at 550 (emphasis added) (citations, quotation marks, and brackets omitted).

Here, the complaint does not allege a waiver of governmental immunity. In their brief to this Court, plaintiffs acknowledge their failure to include such an allegation in their pleading and agree that precedent holds, "[a]bsent an allegation of waiver of immunity, . . . HLC is entitled to governmental immunity" on their claims of negligence in the care of historic property, conversion, and unjust enrichment. But while conceding error by the trial court in denying defendants' motion to dismiss as to the claims for negligence in the care of historic property, conversion, and unjust enrichment, as against HLC and the individual defendants in their official capacities, plaintiffs contend that governmental immunity is not available as a defense to claims of breach of the covenant of good faith and fair dealing because that cause of action arises from a contract, and thus plaintiffs ask that we leave the trial court's ruling as to that claim undisturbed. We find merit in this argument.

The specific question of whether governmental immunity is potentially applicable upon a claim of breach of the covenant of good faith and fair dealing appears to be a matter of first impression in North Carolina. No party cites, and our research has not revealed, any North Carolina appellate decision explicitly addressing this specific issue. However, reasoning from our precedent regarding the

implied covenant, breach of contract, and sovereign immunity, we hold that sovereign immunity in its various forms is not a defense to this contract-based claim.

"In every contract there is an implied covenant of good faith and fair dealing that neither party will do anything which injures the right of the other to receive the benefits of the agreement." *Bicycle Transit Authority v. Bell*, 314 N.C. 219, 228, 333 S.E.2d 299, 305 (1985) (citation and internal quotation marks omitted). Because the covenant of good faith and fair dealing is in effect an unstated term of every contract, where, as here, the underlying factual allegations supporting both causes of action are the same, appellate courts in North Carolina have treated a claim of breach of the implied covenant in a similar manner to a traditional breach of contract claim:

> As a general proposition, where a party's claim for breach of the implied covenant of good faith and fair dealing is based upon the same acts as its claim for breach of contract, we treat the former claim as "part and parcel" of the latter. *Murray v. Nationwide Mut. Ins. Co.*, 123 N.C. App. 1, 19, 472 S.E.2d 358, 368 (1996), *disc. review denied*, 345 N.C. 344, 483 S.E.2d 173 (1997); *see Suntrust Bank v. Bryant/Sutphin Props., LLC*, 222 N.C. App. 821, 833, 732 S.E.2d 594, 603 ("As the jury determined that plaintiff did not breach any of its contracts with defendants, it would be illogical for this Court to conclude that plaintiff somehow breached implied terms of the same contracts."), *disc. review denied*, 366 N.C. 417, 735 S.E.2d 180 (2012).

*Cordaro v. Harrington Bank, FSB*, 260 N.C. App. 26, 38–39, 817 S.E.2d 247, 256, *disc. review denied*, 371 N.C. 788, 821 S.E.2d 181 (2018). *See also Arnesen v. Rivers Edge Golf Club & Plantation, Inc.*, 368 N.C. 440, 451, 781 S.E.2d 1, 9 (2015). Further, our Supreme Court has recently clarified:

> A plaintiff may rely on the implied covenant [of good faith and fair dealing] when there is a gap in the contract and a defendant behaves in an unexpected manner, thereby frustrating the fruits of the bargain that the asserting party reasonably expected. Stated another way, breach of the implied covenant is a claim available to a plaintiff who could not have contracted around a defendant's allegedly arbitrary or unreasonable behavior.

*Value Health Sols., Inc. v. Pharm. Rsch. Assocs.*, 385 N.C. 250, 268, 891 S.E.2d 100, 115 (2023) (citation omitted).

As noted previously, "[a] State or local government . . . waives [sovereign or governmental] immunity when it enters into a valid contract, *to the extent of that contract.*" *Wray*, 370 N.C. at 47, 802 S.E.2d at 899 (citations omitted). Thus, because *every* contract—including those to which a governmental entity is a party—includes as an implied term a covenant of good faith and fair dealing, we hold that the general rule—that sovereign immunity is waived upon the entry by a government entity into a valid contract—encompasses a waiver of immunity against suit for a breach of the implied covenant term just as it does for the explicit terms of the contract.

Accordingly, we reverse the trial court's order denying the motion to dismiss plaintiffs' claims for negligence in the care of historic property, conversion, and unjust enrichment as to HLC and the individual defendants in their official capacities, but affirm the denial of defendants' motion to dismiss plaintiffs' claim for a breach of the covenant of good faith and fair dealing.

### D. Public official immunity

The individual defendants in their individual capacities contend that the trial court should have dismissed the remaining claims against them on the basis of public official immunity because plaintiffs failed to allege malice, corruption, or actions outside defendants' official duties—and facts supporting such allegations—that if true would be sufficient to rebut the applicable presumption of good faith accorded to public officials. Our review of the complaint reveals that the individual defendants are correct, both as to the controlling precedent on this point and the contents of plaintiffs' complaint.

> It is settled law in this jurisdiction that a public official, engaged in the performance of governmental duties involving the exercise of judgment and discretion, may not be held personally liable for mere negligence in respect thereto. The rule in such cases is that an official may not be held liable unless it be alleged and proved that his act, or failure to act, was corrupt or malicious . . . , or that he acted outside of and beyond the scope of his duties. . . . As long as a public officer lawfully exercises the judgment and discretion with which he is invested by virtue of his office, keeps within the scope of his official authority, and acts without malice or corruption, he is protected from liability.

*Smith v. State*, 289 N.C. 303, 331, 222 S.E.2d 412, 430 (1976) (citations and quotation marks omitted). Moreover,

> absent evidence to the contrary, it will always be presumed that public officials will discharge their duties in good faith and exercise their powers in accord with the spirit and purpose of the law. This presumption places a heavy burden on the party challenging the validity of public officials' actions to overcome this presumption by competent and substantial evidence.

> *To rebut the presumption and hold a public official liable in his individual capacity, a plaintiff's complaint must allege, and the facts alleged must support a conclusion, that the official's act, or failure to act, was corrupt or malicious, or that the official acted outside of and beyond the scope of his duties.*

*Green*, 274 N.C. App. at 165–66, 851 S.E.2d at 679 (emphasis added) (citations, quotation marks, and brackets omitted).[7]

Here, plaintiffs' complaint fails to allege that any of the individual defendants acted outside the scope of their duties or acted with malice or corruption, a point they appear to concede given that their entire appellate argument regarding public official immunity is as follows:

> Defendants' argument for the denial of personal liability for the individual defendants should be discarded by this Court as they focus solely on the issue of malice or corruption. This Court has repeatedly held that the normal analysis of whether a public official acted with malice or corruption sufficient to remove qualified immunity is "unnecessary" when they are being sued (1) in their individual capacities and (2) for intentional torts. *Wells v. N.C. Dep't of Corr.*, 152 N.C. App. 307, 320–21, 567 S.E.2d 803, 812–13 (2002); *see also Beck v. City of Durham*, 154 N.C. App. 221, 230, 573 S.E.2d 183, 190 (2002) and *Richmond v. City of Asheville*, 2015 N.C. App. LEXIS 551, at *9, 242 N.C. App. 252, 775 S.E.2d 925 (2015) (unpublished).

---

[7] "A defendant acts with malice when he wantonly does that which a man of reasonable intelligence would know to be contrary to his duty and which he intends to be prejudicial or injurious to another. An act is corrupt when it is done with a wrongful design to acquire some pecuniary profit or other advantage." *Green*, 274 N.C. App. at 167, 851 S.E.2d at 679–80 (citations and internal quotation marks omitted).

We find the cases cited by plaintiffs inapposite as to all but one of their claims against the individual defendants in their individual capacities given that the rules on which plaintiffs rely apply only where *intentional torts* are alleged. In such cases, "[b]ecause malice encompasses intent, . . . if a party alleges an intentional tort claim, the doctrine of qualified immunity does not immunize public officials . . . from suit in their individual capacities." *Hawkins v. State*, 117 N.C. App. 615, 630, 453 S.E.2d 233, 242 (applying the rule in a case where the plaintiff alleges, *inter alia*, intentional infliction of emotional distress), *disc. rev. denied*, 342 N.C. 188, 463 S.E.2d 79 (1995); *see also Wells*, 152 N.C. App. at 320, 567 S.E.2d at 813 (applying the rule in a case where the plaintiff alleges, *inter alia*, intentional infliction of emotional distress) and *Beck*, 154 N.C. App. at 230, 573 S.E.2d at 190 (applying the rule to claims of constructive willful discharge, intentional infliction of emotional distress, tortious interference with contract, and tortious interference with prospective advantage).

As noted above, because a claim for breach of the covenant of good faith and fair dealing is treated in this context as akin to a breach of contract claim, public official immunity, a derivative form of governmental immunity, is not an available defense for the individual defendants in any capacity. Two of the other claims which are the subject of this appeal—negligence in the care of historic properties and unjust enrichment—are not intentional torts. One claim, negligence in the care of historic property, specifically concerns the individual defendants' official duties, as demonstrated by the pertinent allegations in the complaint which concern various

votes, the review of expert recommendations, and the consideration of cost in stabilizing the historic property in question, and moreover asserts negligence rather than intentional acts by the individual defendants. Further, there is no inferred malice in the tort of unjust enrichment, which the Supreme Court has defined as having

> five elements[:] First, one party must confer a benefit upon the other party[; s]econd, the benefit must not have been conferred officiously, that is it must not be conferred by an interference in the affairs of the other party in a manner that is not justified in the circumstances[; t]hird, the benefit must not be gratuitous[; f]ourth, the benefit must be measurable[; and l]ast, the defendant must have consciously accepted the benefit.

*JPMorgan Chase Bank, N.A. v. Browning*, 230 N.C. App. 537, 541–42, 750 S.E.2d 555, 559 (2013) (citations and quotation marks omitted).

Because negligence in the care of historic properties and unjust enrichment are not intentional torts, there is no "stand-in" implication of bad intent which could serve to cover for the absence in the complaint of allegations of malice, corruption, or acting outside of the scope of official duties by the individual defendants as to those claims. Accordingly, we reverse the portion of the trial court's order which denied the motion to dismiss plaintiffs' claims for negligence in the care of historic properties and unjust enrichment against the individual defendants.

"Conversion, however, is an intentional tort." *Kawai Am. Corp. v. Univ. of N.C. at Chapel Hill*, 152 N.C. App. 163, 167, 567 S.E.2d 215, 218 (2002) (citations

omitted).[8] Thus, under *Hawkins*, there was no need for plaintiffs to allege malice in order to surmount the affirmative defense of public official immunity as to their claim of conversion against the individual defendants in their individual capacities. *See Hawkins*, 117 N.C. App. at 630, 453 S.E.2d at 242. The trial court's denial of the motion to dismiss is therefore affirmed as to the claim of conversion against the individual defendants in their individual capacities.[9]

### III.    Defendants' Petition for Writ of Certiorari

In addition to their interlocutory appeal, defendants seek review by certiorari of two issues which they acknowledge are not immediately appealable: whether the trial court erred in denying defendants' motion for summary judgment on plaintiffs' breach of contract claim and whether the trial court erred in denying defendants' motion to dismiss plaintiffs' claims for breach of the covenant of good faith and fair dealing, negligence in the care of historic property, conversion of two earnest money payments, and unjust enrichment. Defendants contend that these matters should be addressed by this Court now because these issues are interrelated with those raised

---

[8] "[T]he tort of conversion is well defined as an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." *Peed v. Burleson's, Inc.*, 244 N.C. 437, 439, 94 S.E.2d 351, 353 (1956) (citation and internal quotation marks omitted); *see also Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC*, 365 N.C. 520, 523, 723 S.E.2d 744, 747 (2012) ("There are, in effect, two essential elements of a conversion claim: ownership in the plaintiff and wrongful possession or conversion by the defendant." (citation omitted)).

[9] As discussed in section II-C, plaintiffs' conversion claim against the individual defendants *in their official capacities* is barred by governmental immunity, *see, e.g.*, *DeMurry v. N.C. Dep't of Corr.*, 195 N.C. App. 485, 492, 673 S.E.2d 374, 380 (2009), and the portion of the trial court's order to the contrary is reversed.

in their appeal based upon governmental and public official immunity such that immediate review would "serve the expeditious administration of justice," citing *Jessee v. Jessee*, 212 N.C. App. 426, 431, 713 S.E.2d 28, 32–33 (2011), and because defendants believe that they "have meritorious defenses in addition to governmental and public official immunity."

As an initial matter, we cannot review by certiorari, or otherwise, any ruling on defendants' motion for summary judgment on plaintiffs' breach of contract claim because no order resolving that motion appears in the record before this Court.[10] The order entered by the trial court on 14 October 2022 and appealed from as a matter of right is captioned as resolving defendants' motion to dismiss and addresses only that motion, as defendants themselves note in their "Statement of the Organization of the Trial Court." Accordingly, there is simply nothing for this Court to review regarding defendants' motion for summary judgment.

In this decision, we have reversed the trial court's denial of defendants' motion to dismiss plaintiffs' claims for negligence in the care of historic property, conversion of two earnest money payments, and unjust enrichment, and thus the petition for writ of certiorari regarding those issues is rendered moot. As for the trial court's

---

[10] If the trial court did not in fact rule on defendants' summary judgment motion and defendants wished to obtain such a ruling on their motion for summary judgment, they could have filed a motion with the trial court alleging a mistake pursuant to Rule of Civil Procedure 60(b)(1) or a petition with this Court seeking a writ of mandamus pursuant to Rule of Appellate Procedure 22. Defendants did not elect to do either.

denial of defendants' motion to dismiss plaintiffs' claim for breach of the covenant of good faith and fair dealing, defendants do not explain how that matter is "interrelated" with the issues of governmental and public official immunity which are before this Court as a matter of right and instead focus the majority of their petition for writ of certiorari on their "meritorious defenses in addition to governmental and public official immunity." We see no obvious overlap between the immunity issues addressed above and the defenses presented in defendants' certiorari petition, and accordingly, we leave for the trial court an evaluation of their merits.

## IV.    Conclusion

For the reasons discussed above, we reverse the trial court's order denying defendants' motion to dismiss plaintiffs' claims for negligence in the care of historic property and unjust enrichment against all defendants, and the claim for conversion against HLC and the individual defendants in their official capacities, but we affirm the denial of the motion to dismiss as to the claims for breach of the covenant of good faith and fair dealing against all defendants and for conversion against the individual defendants in their individual capacities. Put simply, plaintiffs' case may proceed on their breach of contract and breach of the covenant of good faith and fair dealing claims against all defendants and on their claim of conversion against the individual defendants in their individual capacities.

Defendant's petition for writ of certiorari is dismissed as moot in part and denied in part.

REVERSED IN PART; AFFIRMED IN PART; DISMISSED IN PART; DENIED IN PART; REMANDED.

Judges HAMPSON and STADING concur.