Carolina Med. Partners, PLLC v. Shah, 2025 NCBC 61.

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
MASTER FILE 22CVS013767-590

CAROLINA MEDICAL PARTNERS,
PLLC; NIMISH PATEL; and
SHEPHALI PATEL,

          Plaintiffs,

v.

AMIT G. SHAH and PALMETTO
MEDICAL GROUP, PLLC,

          Defendants.

**ORDER AND OPINION ON MOTION
TO DISMISS COUNTERCLAIM**

AMIT G. SHAH and PALMETTO
MEDICAL GROUP, PLLC,

          Plaintiffs,

v.

NIMISH PATEL and SHEPHALI
PATEL,

          Defendants.

24CV059193-590
RELATED CASE

NIMISH PATEL and SHEPHALI
PATEL,

          Plaintiffs,

v.

AMIT G. SHAH et al.

          Defendants.

24CV059359-590
RELATED CASE

1. These consolidated cases arise out of disputes among three physicians who once practiced together. There are many claims and parties. At issue here is a counterclaim asserted by Nimish and Shephali Patel against Amit Shah in *Shah v. Patel*, No. 24CV059193-590 ("*Shah* Action"). Shah has moved to dismiss the counterclaim. For the following reasons, the Court **DENIES** his motion.

*Ward and Smith, P.A., by Alexander C. Dale and Edward James Coyne, for Nimish Patel, Shephali Patel, and Carolina Medical Partners, PLLC.*

*K&L Gates LLP, by Daniel Drew McClurg and Marla Tun Reschly, for Palmetto Medical Group, PLLC and Amit G. Shah.*

*Robinson, Bradshaw & Hinson, P.A., by Stephen M. Cox, for Piedmont Research Partners, LLC.*

*Burris, MacMillan, Pearce & Burris, PLLC, by Hugo Pearce, III, for Carolinas Living, L.L.C. and Carolinas Senior Care, LLC.*

Conrad, Judge.

I.
BACKGROUND

2. This background assumes that the Patels' allegations are true, as required on a motion to dismiss. (*See* Countercl., ECF No. 113 [Lead Case No. 22CV013767-590].)

3. Shah and the Patels are physicians who used to practice together at Palmetto Medical Group, PLLC. No longer. Each side now accuses the other of dishonesty, financial improprieties, and contractual infractions. Since 2021, the myriad efforts to resolve these disputes—through litigation and alternative dispute

resolution—have yielded halting progress. This consolidated action encompasses three lawsuits involving eight parties and claims by the dozen.[*]

4.      Relevant here is the Patels' counterclaim in the *Shah* Action. The Patels allege that Shah was Palmetto Medical Group's controlling, majority member and, thus, owed a fiduciary duty to them. Shah allegedly breached that duty by using company funds to benefit himself, his wife, and other entities in which he has an interest. A few examples will paint the picture: according to the counterclaim, Shah directed Palmetto Medical Group to make phony loans to one of his other entities, used the practice's funds to pay his personal expenses, unilaterally raised his own salary, hired his wife and gave her a salary for little or no work, and had the practice pay two individuals for services that they or their related entities provided to Shah personally. Based on these allegations, the Patels assert a single counterclaim for constructive fraud. (*See, e.g.*, Countercl. ¶¶ 24, 26, 27, 32.)

5.      Shah has moved to dismiss the counterclaim under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. The motion is fully briefed. Having reviewed the briefs, the Court concludes that oral argument would not aid its decision and therefore decides the motion without a hearing. *See* BCR 7.4.

---

[*] Earlier decisions describe these cases and their history in more detail. *See, e.g.*, *Carolina Med. Partners, PLLC v. Shah*, 2025 NCBC LEXIS 113 (N.C. Super. Ct. Aug. 8, 2025); *Carolina Med. Partners, PLLC v. Shah*, 2024 NCBC LEXIS 86 (N.C. Super. Ct. June 27, 2024); *Carolina Med. Partners, PLLC v. Shah*, 2023 NCBC LEXIS 9 (N.C. Super. Ct. Jan. 24, 2023).

## II.
## ANALYSIS

6. In deciding a motion to dismiss, the Court must treat the well-pleaded allegations as true and view the facts and permissible inferences "in the light most favorable to" the nonmoving party. *Sykes v. Health Network Sols., Inc.*, 372 N.C. 326, 332 (2019) (citation and quotation marks omitted). The Court need not accept as true any "conclusions of law or unwarranted deductions of fact." *Wray v. City of Greensboro*, 370 N.C. 41, 46 (2017) (citation and quotation marks omitted).

7. Shah asserts two grounds for dismissal. First, he contends that the Patels released their counterclaim for constructive fraud in a Practice Separation Agreement that the parties executed in 2021. Second, he contends that the counterclaim does not sufficiently allege an essential element of constructive fraud. Neither contention carries the day.

8. Turning to the Practice Separation Agreement, a preliminary question is whether the Court may consider the agreement at all. The Patels say that it is evidence outside the pleading and, thus, off limits. In fact, the agreement is at the heart of these consolidated actions, and the Patels were the ones who began the litigation by asserting claims for its breach. Given the agreement's centrality to the parties' disputes and its undisputed authenticity, there is no reason not to consider it. *See, e.g.*, *Sec. Camera Warehouse, Inc. v. Bowman*, 2017 NCBC LEXIS 39, at *8 (N.C. Super. Ct. May 1, 2017) (collecting cases and considering settlement agreement in connection with motion to dismiss when authenticity not in dispute).

9. It is by no means clear, however, that the Patels released their counterclaim for constructive fraud in the Practice Separation Agreement. Yes, the agreement contains a release of claims. But the scope of the release is ambiguous and arguably does not apply to this counterclaim.

10. The agreement's text bears this out. In section 9, the parties agreed to defer litigation of their unresolved direct and derivative claims pending completion of a second mediation and an investigation by a special committee of "disinterested lawyers." (PSA § 9(b)–(d).) The special committee's task was to produce a report stating "whether each asserted derivative claim should or should not be pursued on behalf of" Palmetto Medical Group. (PSA § 9(d).) Only after receiving this report would the parties be free to begin a lawsuit "to pursue any direct claims not resolved at the [second] mediation." (PSA § 9(e).) If neither side filed suit within thirty days of receiving the report, a broad release of all claims would "become effective, binding, and fully enforceable." (PSA § 9(f).) But if either side filed suit, the release would not apply to any claims timely filed within the thirty-day window "or *any counterclaims* asserted by any Party against whom claims are asserted." (PSA § 9(f) (emphasis added).)

11. As it happens, Shah and the Patels timely filed separate lawsuits asserting certain direct claims after receiving the special committee's report. Then, in response to Shah's complaint, the Patels asserted this claim for constructive fraud as a counterclaim. Were the Patels allowed to double dip in this way? That is, does section 9 require the parties to assert all claims at one time (either affirmatively in a

complaint or defensively as counterclaims), as Shah contends? Or does it exempt any and all counterclaims from the broad language of the release, as the Patels contend? The structure of section 9 favors Shah, but portions of the text favor the Patels. As a result, "the effect of [the release] provisions is uncertain or capable of several reasonable interpretations." *Register v. White*, 358 N.C. 691, 695 (2004). Because of the ambiguity, the release does not support dismissal at the pleading stage.

12. As a second ground for dismissal, Shah argues that the counterclaim's allegations of constructive fraud are deficient. To state a claim for constructive fraud, a plaintiff must allege "(1) that the defendant owes the plaintiff a fiduciary duty; (2) that the defendant breached that duty; and (3) that the defendant sought to benefit himself in the transaction." *Bryant v. Wake Forest Univ. Baptist Med. Ctr.*, 281 N.C. App. 630, 637 (2022) (citation and quotation marks omitted). Shah takes issue with the third element.

13. Little needs to be said about this argument. Shah concedes that the counterclaim adequately alleges that he sought to benefit himself through certain transactions. (*See* Countercl. ¶ 27(d) (salary increase), ¶ 27(e) (direct payment), ¶ 27(g) (usurpation of corporate opportunity).) The complaint plainly alleges ill-gotten benefits related to several other transactions as well. (*See* Countercl. ¶ 27(a) ("distributions to Shah"), ¶ 27(j) ("improper $10,000.00 distribution"), ¶ 27(k) ("improper transfers of monies . . . to himself").) And there are also allegations that Shah made payments from Palmetto Medical Group to his wife and to other entities that he owns. (*See* Countercl. ¶ 27(b), (c), (h).) These are more than sufficient to state

a claim. *See, e.g.*, *Wayne Constr. Managers of Goldsboro v. Amory*, 2019 NCBC LEXIS 32, at \*40–41 (N.C. Super. Ct. May 17, 2019) ("The Court also is not persuaded by Amory's argument that the element of personal benefit necessary to a claim for constructive fraud must be alleged with particularity . . . ."); *Scott v. Lackey*, 2012 NCBC LEXIS 60, at \*45 (N.C. Super. Ct. Dec. 3, 2012) (denying motion to dismiss based on allegations that defendants "breached their duty to [plaintiff] to benefit their new company . . . by providing it with start-up capital").

14.    Shah may well be right that some of the allegations that he sought to benefit himself are less plausible than others. But "the higher federal plausibility pleading standard differs from our State's notice pleading standard." *Fox v. Johnson*, 243 N.C. App. 274, 286 (2015). And in any event, "a court dismisses claims, not allegations." *JT Russell & Sons, Inc. v. Russell*, 2024 NCBC LEXIS 37, at \*10 (N.C. Super. Ct. Feb. 28, 2024) (citation and quotation marks omitted); *see also United States ex rel. Cooley v. ERMI, LLC*, 2023 U.S. Dist. LEXIS 196605, at \*9 n.3 (N.D. Ga. Nov. 2, 2023) ("If the allegations that ERMI makes are sufficient to state a claim as a whole, the fact that some of its allegations may not contribute to a breach of fiduciary duty does not doom an otherwise sufficiently pled claim." (cleaned up)).

## III.
## CONCLUSION

15.    For all these reasons, the Court **DENIES** the motion.

**SO ORDERED**, this the 8th day of October, 2025.

        /s/ Adam M. Conrad
        Adam M. Conrad
        Special Superior Court Judge
         for Complex Business Cases